HENRY F. EAMES

*v.*

WILLIAM P. REND *et al.*

*Filed at Ottawa November 20, 1882—Rehearing denied March Term, 1883.*

1. APPEALS—*examination of questions of fact.* In an ordinary action at law, where the Appellate Court affirms the judgment of the trial court, the decision of that court, so far as the controverted facts are concerned, is final and conclusive on this court, and it can not go into the evidence and determine whether it preponderates in favor of or against the verdict.

2. INSTRUCTION—*may be based on party's theory of what evidence shows.* Where instructions are given at the instance of each party, based upon the theory that the evidence shows a certain state of facts, directing the jury, if they find the facts one way, to find for the plaintiff, and if they find the facts as claimed by the defendant, to find for him, it can not be said that the plaintiff's instruction is misleading, as assuming a state of facts.

3. SAME—*not improper, if based on facts of which there is evidence.* Where there is evidence of a fact, an instruction based upon the finding of such fact by the jury from the evidence, and defining the law applicable to such state of fact, is not erroneous and misleading.

4. ERROR *in rejecting testimony cured by its subsequent admission in different form.* The refusal of the court to admit testimony as to a given fact, even if error, is no ground of reversal if the court afterwards allows other satisfactory proof of the same fact.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. SLEEPER & WHITON, for the appellant.

Messrs. WALKER & CARTER, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 8th day of April, 1874, Oliver H. Lee recovered a judgment in the Superior Court of Cook county, against Samuel J. Walker and Joseph Young. On the 16th of November, 1874, appellees purchased the judgment, and it was duly assigned to them by Lee. At the time of purchase there was due upon the judgment $5168.12, besides interest and costs. Some time after appellees had purchased the judgment, appellant entered into negotiations to obtain control of the judgment, for the purpose of using it to perfect the title in himself to certain real estate in Chicago, which originally belonged to Samuel J. Walker. The result was, appellees, on the 2d day of May, 1876, assigned the judgment to appellant. In November following, the attorneys of appellant caused an *alias* execution to be issued on the judgment, and after the execution was placed in the hands of the sheriff a bill in chancery was filed in aid of the collection of the judgment. In January, 1877, a decree was rendered in said cause, and on the 27th day of March the real estate levied upon as the property of Walker was sold under the execution and the decree by the sheriff, and bid off by one Allen Jordan, for $5768.05, and a certificate of purchase delivered to him. This certificate was subsequently assigned to appellant. Upon the expiration of the time for redemption a deed of the property was made to him. At the time the judgment was assigned nothing was paid by appellant to appellees, and this action was brought to recover the amount realized

upon the execution issued on the judgment by the sale of real estate, less $1000 allowed for collection. The trial in the Superior Court resulted in a verdict and judgment for appellees, and upon appeal to the Appellate Court that judgment was affirmed. To reverse the judgment of the Appellate Court appellant has prosecuted this appeal.

On the trial in the Superior Court it was contended by appellant that the only obligation he assumed when he procured the assignment of the judgment, was to pay Young therefor by a credit on Young's indebtedness of whatever amount Ames might realize on the judgment. On the other hand, it was claimed by appellees that they assigned the judgment to Ames, and he was indebted to them for the amount realized on the judgment by the sale of real estate belonging to Walker, less $1000 for collection. Certain facts were established on the trial in regard to which there is no substantial controversy by the parties. Among them are the following: The assignment of the judgment by Lee to appellees; the negotiation of appellant for the judgment; the delivery of a written request, signed by Young, to appellees, requesting the assignment of the judgment to Ames; the written assignment of the judgment; the filing of a bill by appellant, in aid of an execution issued upon the judgment; the decree of sale, and the indorsement upon the execution of the amount which the property brought on the sale under the execution. But the controversy between the parties on the trial was in regard to the terms and conditions of the contract under which the judgment was assigned by appellees to appellant. The dispute arose in reference to what the contract was. This was purely a question of fact, which the jury determined in favor of appellees. It is true the verdict of the jury, and the judgment of the Superior Court upon it, were not conclusive upon the questions of fact, but the judgment of the Appellate Court affirming the judgment of the Superior Court was a final determination of these contro-

verted facts. All the evidence introduced in the Superior Court was reviewed by the Appellate Court,—the only tribunal authorized to review the same,—and by the statute of the State the decision of that court, so far as the controverted facts are concerned, is final and conclusive. This court has no power to go into the evidence and determine whether it preponderates in favor of or against the verdict and judgment of the Superior Court. Much of the argument has been devoted to the discussion of controverted questions of fact, which, of course, was proper and very appropriate in the Appellate Court, but an argument of that character has no place here. It was the duty of the Appellate Court to determine whether the evidence introduced on the trial preponderated in favor of or against the verdict. If the* former, the judgment would be affirmed; if the latter, it would be reversed. That has been done in the Appellate Court, and the judgment was affirmed, and such errors of law as arise on the record only remain to be considered here.

Two instructions were given on behalf of appellees, and it is claimed they were erroneous. The objection made to the first instruction is, that it was misleading, and based upon an assumption of facts of which there was no evidence. We perceive nothing in the instruction calculated to mislead the jury. Appellees claimed that the evidence introduced on the trial established certain facts, and the instruction in substance directed the jury that if they found, from the evidence, those facts were established, then the plaintiff was entitled to recover. The instruction presented to the jury merely the plaintiff's theory of the case. The first instruction given for the defendant presented the defendant's theory of the case, and the jury were in substance directed, if they should find, from the evidence, certain facts established, (being the facts which defendant claimed the evidence did establish,) then the plaintiff could not recover. The jury, in considering these two instructions together, could not have been misled, as

each presented the theory upon which each party claimed a verdict, and all that was necessary for the jury to do was to determine what facts were established by the evidence, and render a verdict accordingly. Without entering upon a discussion of the evidence, we think there was testimony enough before the jury to justify the instruction.

The second instruction was as follows:

"The court further instructs you, that if you believe, from the evidence, that the defendant requested Joseph E. Young to procure from the plaintiff the assignment or transfer of the judgment described in the declaration, to the defendant, and that the said Young did, in pursuance of such request, procure such assignment or transfer, then the court instructs you that the said Young was, in that transaction, the agent of the defendant."

Ames, on cross-examination, testified that he directed or authorized Young to arrange or procure an assignment of the judgment to him. Appellee Walker testified that it was upon the written request of Young, which was read in evidence, that he made the assignment of the judgment to Ames. Under this evidence we think the instruction was proper, and it could not mislead. Indeed, if the two instructions given on behalf of appellees contained slight technical error, we can perceive no possible ground upon which it can, in justice, be said the jury were misled, as the court gave, on the request of appellant, ten instructions, which fully and completely presented for their consideration every phase of appellant's case.

It is also claimed that the court erred in refusing to allow appellant to testify that the title he acquired under the Lee judgment was not the only one which he sold when he made sale of the property. If this was an error, (which may well be doubted,) it was obviated at a subsequent stage of the trial, as the court allowed the defendant to show that he

acquired title to the property by deed from Walker, and also through certain sheriff's deeds, which were read in evidence.

The same witness was asked whether he did not have quite a large number of suits involving title to the property which was sold on the Lee judgment. The question being objected to, the objection was sustained, and this decision is relied upon as error. The record, however, shows that the defendant was permitted to introduce in evidence the files in pending suits, which showed that the title to the property was in litigation. This evidence established the same fact which appellant offered to prove, in a different way, and obviated the objection.

In conclusion, so far as appears from the record a fair trial has been had, and we perceive no substantial ground for reversing the judgment. It will therefore be affirmed.

*Judgment affirmed.*