# Plano Manufacturing Company
## v.
## A. M. Parmenter.

*Agency—Account Stated or Settlement Sheet—Error—Burden of Proof—Instructions.*

In an action brought by a manufacturing company to recover from one of its agents the price of a machine received by him and not accounted for in his settlement sheet, where it appeared by defendant's own admission that he had received a machine not reported in such sheet, the burden was on him to establish his claim that he had *not* received a machine which *was* included in the settlement.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Lee County; the Hon. T. M. SHAW, Judge, presiding.

Mr. ARTHUR KEITHLEY, for appellant.

Mr. JOHN M. TENNERY, for appellee.

UPTON, P. J. This suit began in proceedings before a justice to recover the price of a mower claimed by appellant to have been shipped to and received by the appellee under the provision of a written contract between the parties. In the trial before the justice a judgment was rendered for appellee, from which the suit was taken to the Circuit Court by appeal, in which two trials were had, each resulting in a verdict for appellee.

The contract above referred to, so far as material to the determination of the suit before us, provides that appellee was to receive the goods shipped him under the contract by the appellant, pay freight and charges thereon, sell the same and furnish appellant when called upon, after the ensuing harvest, a full and detailed account of the sales so made upon blanks to be furnished him by appellant.

On October 24, 1885, Van Ness, as agent of appellant, called upon appellee with blanks as mentioned in the contract for the purpose of a settlement for the business done by appellee for the season of 1885. At this interview appellee made the statement of his dealings with the appellant, which is set out in the evidence upon blanks so furnished him, in which account as stated by him he had received from the appellants but three mowing machines, one of which, as set out in his account, was shipped him from Peoria April 8th, one from Plano June 24th and another from Plano on the 10th of July, 1885. Appellee in accounting for the disposal of these machines stated that he had sold one to Thos. O'Brien, one to Charles Baker and he had one on hand unsold. Under these circumstances it is claimed by the appellant a settlement was made on the basis of this account as stated by appellee, the agent relying upon the truth thereof. After the same was effected the account as stated and settled was by the agent forwarded to the home office, when upon examination it was ascertained that the appellee had ordered and received one other machine not accounted for in the account stated, which machine was claimed to have been ordered by appellee by a telegram to one of appellant's agents, D. M. Stampf, at Avon, Illinois, which machine so ordered was shipped on or about July 2, 1885. Appellee was on the stand as a witness on the trial below, and there admitted that he ordered the mowing machine by telegram of D. M. Stampf, of Avon, as alleged against him, but he contended then and insisted in this court, that he did not, in fact, receive from appellant but three mowing machines that season. This of course could not be the fact conceding the correctness of the account stated. The appellee admitted, as we have seen, the order, receipt and sale of the other machines from Stampf, shipped him from Avon about July 2, 1885. Therefore, if the account stated was correct, and the appellee had in fact as he admitted received another machine of the appellants, through Stampf, their agent at Avon, appellee must be indebted to he appellant, and it would have been entitled to a judgment in the court below. It remained therefore for the appellee to explain the account stated, as in that must have been contained the error, if error there was, to

Plano M'g. Co. v. Parmenter.

escape a judgment against him. Under these conditions of the evidence in the case, the appellant asked the court below to instruct the jury as follows:

" The court instructs you that the settlement sheet offered in evidence by the plaintiff, is, under the circumstances that obtain in this case, presumed to be correct and to contain no recital of facts that is not true, and the defendant, *in order to* disprove any statement contained in said settlement sheet, must do so by a preponderance of the evidence." Which instruction the court refused to give, but instead gave the following instruction asked for on the part of appellee, viz.: " 3d. If the jury believe from the evidence that about the twenty-fourth day of October, 1885, the parties to this suit met and checked over their accounts together and settled the matters between them appertaining to such account, and struck a balance at that time, and then and there agreed upon that balance as the amount due from one party to the other, then and in that event, in the absence of mistake or fraud, neither party will be allowed to go behind that settlement for the purpose of increasing or diminishing the balance so agreed upon between them at that time. The burden of the proof is upon the plaintiff in this case to show affirmatively such fraud or mistake if it seeks to go behind such settlement."

This, we think, was erroneous and would strongly tend to mislead the jury, and we find no other instruction in this record modifying the one given upon the burden of proof. We think that the instruction asked by the appellant (number one) was correct and should have been given as asked under the evidence in the case, and that the court below erred in its refusal.

The evidence, as disclosed in the record before us, was quite favorable, as it seems to us, to the appellant, and the jury should at least have been accurately instructed as to the burden of proof in the conflicting condition of the evidence.

For these errors (the refusal to give proper and the giving of improper instructions as before indicated) the judgment is reversed and the cause is remanded.

*Reversed and remanded.*