# THE PLANO MANUFACTURING COMPANY

## v.

# A. M. PARMENTER.

*Practice—Weight of Evidence—Instructions—Delivery to Common Carrier as Evidence to Show Delivery to Consignee—When Consignee is Agent of Consignor Instead of Purchaser.*

1.   Where a plaintiff states such a case in an instruction as requires a verdict in his favor, and requests the court to instruct the jury, that if they find the facts to be as stated, then they *must* return a verdict for the plaintiff, it is error for the court to substitute the word *may* for *must*.

2.   Proof of delivery of goods to and their shipment by a common carrier to a consignee, suitably and properly billed and directed, is just as strong and effectual *prima facie* evidence of their receipt by the consignee, even if such consignee is the agent of the consignor, as it would be if the consignee were the purchaser of such goods.

[Opinion filed June 26, 1891.]

APPEAL from the Circuit Court of Peoria County; the Hon. LAWRENCE W. JAMES, Judge, presiding.

Mr. ARTHUR KEITHLEY, for appellant.

Mr. JOHN M. TENNERY, for appellee.

UPTON, J.   This case was before this court at a former term, and will be found reported in 32 Ill. App. 633, to which we refer for a full statement of the facts.   It was reversed in this court on the former appeal because of an erroneous instruction as to the burden of proof to establish mistake or fraud in a settlement claimed to have been made between the parties October 24, 1885.   Upon the remand to the trial court the case was reinstated and again heard with a jury, which resulted in a verdict for the appellee.   A motion for a new trial was interposed, which, being overruled, the case was again appealed to this court.   In brief as to its facts the case is simple; appellant's right of recovery depends upon the fact of whether or

not appellee, who was the agent of appellant in making sales of its machinery, at Knoxville, Ill., received of it in the summer of 1885, three or four mowing machines, and whether appellee has paid for all the machines he received of appellant that season. We have given to this record a careful perusal and attentive study, particularly induced thereto by the various trials had of the case, and we are compelled to say that the verdict in this case is manifestly against the weight of the evidence and can not be supported thereby. There had been a settlement between the parties according to a settlement sheet, which charged appellee with three mowers, one of which was stated to have been shipped from Peoria and the other two from Plano. Appellant claimed a recovery for a fourth mower claimed to have been shipped from one Stumpf, of Avon, and not charged on the settlement sheet. It was conceded by appellee upon the hearing and trial in the Circuit Court that he had received from appellant three mowing machines, being two of those named in the settlement sheet, and the one claimed to have been shipped appellee by Stumpf, of Avon (for appellant), but denied receiving one of the three mentioned in that sheet, and disputed the correctness of the sheet in that respect. Appellant asked the court to instruct the jury that if they believed from the evidence that the appellee received the three mowers as mentioned in the settlement sheet, in evidence, and if they believed in addition thereto appellee received one other machine from Stumpf, of Avon, then the appellant *must* recover in this case the value of one machine as fixed by the contract, less his commission also fixed by that contract. The trial court refused to give this instruction as asked, but of its own motion modified the same by striking out the word " *must* " and inserting instead thereof the word " *may*," thus in effect telling the jury that although the evidence might be sufficiently strong to establish the fact in their minds that appellee had in fact received from appellant *four* mowing machines, under a contract to pay or account for all he should receive, and that appellee had accounted for three only, still, under such circumstances, if

established by the evidence, they are not compelled to find a verdict according to the facts, as established by the evidence, but "*may*" do so if they see fit. This was manifestly erroneous and should not have been so modified. The giving of this instruction under the evidence in this record may in great part account for the verdict returned by the jury.

We also think the trial court erred in giving appellee's first and second instructions as to the burden of proof; these two instructions are certainly in direct conflict with the views of this court upon that question as stated in our former opinion.

We are also clearly of the opinion that the trial court erred in giving to the jury two instructions, which are not numbered in the series, in which the jury are instructed that the law applicable to the case of delivering to a common carrier of goods by a *vendor*, has no application to the case at bar.

We think the law is, that the proof of delivery to, and the shipment of goods by a common carrier to a consignee, suitably and properly billed and directed, is just as strong and effectual *prima facie* evidence of their receipt by the consignee, even if such consignee is agent of the consignor, as it would be if such consignee were the purchaser of such goods. The rule is properly the same in both cases, and the trial court should not have instructed the jury differently.

This evidence was not introduced to show that appellee was the purchaser of the machines, but simply to show *prima facie* that he received the machines so shipped. For the reasons indicated the judgment of the Circuit Court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed in this and the former opinion of this court.

*Reversed and cause remanded.*