## Chicago Heights Land Association v. W. P. Butler.

1. INSTRUCTIONS—*Services in Locating a Factory.*—In a contested suit to recover for services rendered at the request of another in procuring the location of a factory upon his land, it is proper to instruct the jury that the mere fact that the plaintiff was instrumental in securing the location of a factory on the land of the defendant, does not make the defendant liable to pay him a commission.

2. SAME—*Upon the Theory of the Case.*—It is the right of a party litigant to have instructions upon his theory of the case if there is any evidence to support that theory.

Memorandum.—Assumpsit. In the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Declaration for commissions; plea, general issue and affidavit of merits; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed December 6, 1894.

LACKNER & BUTZ, attorneys for appellant.

CHARLES F. DAVIES, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for commissions, earned, as he claimed, in procuring or aiding to procure, at the request of the appellant, the location of a manufacturing establishment upon the land of the appellant.

Whether he did aid was disputed, and that he was requested, was denied. It does not appear, though it is fairly inferable, that the location was made; for each party tried to prove how many men were employed, but objected to the proof being made by the other, and the court sustained the objection of each.

On this state of facts the court, for the appellee, instructed the jury:

(3.) "If the jury believe from the evidence that the plaintiff was engaged in business as a real estate agent or broker in Chicago, that defendant requested or authorized him to locate on their property at Chicago Heights, Illinois, 'The Walburn-Swenson Company,' and that pursuant to such request, and through his efforts, said company was so located, then plaintiff ·has earned a commission or pay for his services rendered and is entitled to recover."

And though requested, refused, for the appellant, to instruct:

(13.) "The jury are instructed, as a matter of law, that the mere fact that the plaintiff was instrumental in securing the location of a factory on the land of the defendant, does not make the defendant liable to the plaintiff for a commission, and does not entitle the plaintiff to recover in this suit."

To this refusal the appellant excepted.

Nothing equivalent was given. The appellant asked, and excepted to the refusal of this:

(5.) "The jury are instructed as a matter of law, that before the plaintiff can recover in this case, he must prove either that he was previously employed by the defendant to perform such service as he did perform, if any, or he must prove that the defendant knowingly accepted such service while they were being rendered, with knowledge of the plaintiff's claim for compensation thereof."

His brief, however, says nothing about that instruction. Had it been given it might have been regarded as equivalent to No. 13. That No. 13 is law, can not be disputed. Tascott v. Grace, 12 Ill. App. 639.

And there was evidence that the appellee was never employed or requested to take any part in the transactions.

It is the right of a party to have an instruction upon his theory of the case, if there be any evidence to support that theory. Wooters v. King, 54 Ill. 343; Peoria Ins. Co. v. Anapow, 45 Ill. 86; Kendall v. Brown, 74 Ill. 232; Parmly v. Head, 33 Ill. App. 134.

For the error in refusing instruction No. 13 the judgment is reversed and the cause remanded.