## Plano Manufacturing Co. v. A. M. Parmenter.

1. EVIDENCE—*Bill of Exceptions Taken at a Former Trial, When Admissible.*—In order to have admitted the testimony of a witness on a former trial as contained in a bill of exceptions, it must be shown that the testimony of the witness as contained in the bill is correct, as taken at the former trial, and that he is without the jurisdiction of the court.

2. VERDICTS—*When Not to be Disturbed.*—Where the record is free from error as to the admission of evidence and the giving of instructions, and the case has been tried by four juries, all finding the same way, the court, under the circumstances, will not disturb the finding.

**Memorandum.**—Assumpsit. In the Circuit Court of Peoria County, on appeal from a justice of the peace; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Trial by jury; verdict and judgment for the plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

APPELLANT'S BRIEF, ARTHUR KEITHLEY, ATTORNEY.

In Greenleaf on Evidence, Sec. 163, in speaking about the admissibility of the former testimony of a witness, the author says: "It is also received if the witness, though not dead, is out of the jurisdiction, or can not be found after diligent search, or is insane, or sick." Magill v. Kaufman, 4 S. & R. (Penn.) 316; Minns v. Sturdevant, 36 Ala. 636; Drayton v. Wells, 1 N. & McC. 409; Carpenter v. Graff, 5 S. & R. (Penn.) 162; Wilder v. St. Paul, 12 Minn. 192; Howard v. Patrick, 38 Mich. 795; Dye v. Com., 3 Bush (Ky.) 3.

There are many other authorities holding the same way, including Wharton on Evidence, Sec. 178, and many cases go so far as to admit this character of proof even in criminal cases.    State v. McNeill, 33 La. Ann. 1032; People v. Devine, 46 California 45; 5 Ohio St. 325; 5 Hill 295.

Other States admit such proof in civil cases, but refuse to admit it in criminal cases.    Finn's Case, 5 Rand (Va.) 701.

WINSLOW EVANS, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This case has been here twice before and is reported in 32 Ill. App. 633 and 39 Ill. App. 270.    The suit was commenced before a justice of the peace by appellant to recover the price of a mower claimed to have been shipped to and received by appellee.    We refer to the opinions of this court reported in the 32d and 39th volumes of the Appellate Court Reports for a full statement of the facts.    The controversy is exclusively one of fact.    Four times has it been submitted to a jury and decided each time in favor of appellee.    The judgments heretofore entered were reversed by this court, because of errors committed by the Circuit Court during the progress of the trial.    Although we said in our last opinion that the verdict was manifestly against the weight of the evidence, we reversed the judgment for other reasons.

One of the errors as now alleged, is that the court improperly refused to admit the testimony of Wm. H. McCann from a bill of exceptions made on a former trial of the cause.

He was, it was claimed, absent from the State.    For two reasons, the court properly refused to admit the testimony. It was not sufficiently made to appear that McCann was without the jurisdiction of the court; nor was it shown that the testimony of McCann as contained in the bill of exceptions was correct, as taken at the former trial.

Although appellant offered an instruction to the effect that the settlement sheet admitted in evidence was presumed to

be correct, and that in order to disprove any statement contained in it, it devolved upon the defendant to do so by a preponderance of the evidence, was the law, its refusal was not error, for the reason that the same proposition was given to the jury in another instruction as modified by the court.

Several instructions given for appellee are criticised as giving undue prominence to certain disputed facts, but we do not think them subject to that objection. We think the record is free from error as to the admission of evidence and the giving of instructions. The appellant has had a fair trial. It is impossible to reconcile the testimony. In the great conflict between the witnesses, the jury has decided just as four other juries had decided, and we do not feel disposed, under the circumstances, to disturb the finding. Judgment affirmed.