# C. Samuel Redfern v. Dora C. McNaul.

1. BILL OF EXCEPTIONS—*To be Construed as a Pleading.*—A bill of exceptions is in the nature of a pleading of appellant, and must be construed most strongly against him.

2. INSTRUCTIONS—*Improper Conclusions.* — An instruction ending with the words, " and the jury will so find." is not improper, as amounting to an order to find for the party for whom it is given.

**Assumpsit,** on the common counts, to recover certain money claimed to have been furnished, etc.    Trial in the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding.    Verdict and judgment for plaintiff.    Appeal by defendant.    Heard in this court at the March term, 1898.    Affirmed.    Opinion filed December 12, 1898.

Appellee sued appellant in assumpsit on the common counts, to recover certain money claimed to have been furnished by appellee to appellant to purchase a stock of goods for their joint ownership, which appellant failed to purchase, and also failed to return the money to appellee.

Appellant pleaded the general issue.    A trial before the court and a jury resulted in a verdict of $1,260.46 for appellee and judgment thereon, from which the appeal is taken.

The bill of exceptions does not contain the evidence, but among other things, not necessary to be mentioned, states the following :

" The plaintiff tendered evidence tending to support the various hypotheses set forth in the plaintiff's instructions, and the defendant did likewise; and the evidence on either side, if believed by the jury, would have warranted a verdict either for the plaintiff or for the defendant.

" There was evidence on behalf of the defendant tending to support the various hypotheses set forth in defendant's instructions, and upon the main issue between the parties as to whether or not the plaintiff formed a partnership or joint undertaking with the defendant, there was irreconcilable conflict in the evidence.    *    *    *

" There was no evidence before the jury that the defendant knew anything about the origin of the money given to him for the purchase of the said stock mentioned in the plaintiff's instructions."

On behalf of the plaintiff, the court gave only the following instructions :

1.    " The court instructs the jury that this is a suit brought by Dora C. McNaul, plaintiff, against C. Sam Redfern, defendant, to recover certain money which plaintiff claims to have furnished said defendant to be used in buying a stock of goods for the joint ownership of said plaintiff and defendant, and which has not been returned to her, and which was not used for the purchase of such goods, and if from the preponderance of evidence the jury find that such

is the fact, then they will render a verdict for the plaintiff and assess her damages at such sum of money as from the evidence they find she so furnished the defendant, together with five per cent interest thereon from such date as they may find that the evidence is the defendant appropriated the same to his own use, if from the evidence they find he did so appropriate it, less any payment, or payments, that they find from the evidence may have been made thereon by said defendant."

2. "The court further instructs the jury that if the money sued for was the property of the plaintiff, Dora C. McNaul, and known to be such by the defendant, C. Sam Redfern, when he received the same, and was received by him for the purpose of buying a certain stock of goods for the joint use and ownership of plaintiff and defendant as partners, and that he did not buy such goods, nor repay said money to plaintiff, but used the same without plaintiff's consent to pay off notes and accounts owed to him by plaintiff's husband, then the plaintiff is entitled to recover in this action, and the jury will so find."

3. "And the court instructs the jury that if they believe from the evidence that the money furnished in this case to the defendant belonged to the plaintiff, and was evidenced by the draft offered in evidence herein, and that said draft was made payable to the order of the plaintiff and by her indorsement on the back thereof she directed the same to be paid to the order of the defendant, and that defendant received the same knowing it to be the money of plaintiff, and that he had agreed with her to use it in the purchase of property for the joint benefit of the defendant and Mrs. Dora McNaul, and that he converted said draft into cash and retained the same, then the plaintiff is entitled to recover in this case, and the jury will so find."

It appears from the bill of exceptions and instructions given for appellant, that he denied that he received the money from appellant, and that he formed a partnership with her, also that he claimed to have received the money from her husband, as the partner of the proposed partnership, and had no dealings with appellee.

Moses, Rosenthal & Kennedy, attorneys for appellant.

Phelps & Cleland, attorneys for appellee.

Redfern v. McNaul.

Mr. Presiding Justice Windes delivered the opinion of the court.

Other errors are assigned, but the only one argued by appellant is the giving of the three instructions for appellee, which alone will be considered.

The statement in the bill of exceptions that the plaintiff tendered evidence tending to support the various hypotheses set forth in the plaintiff's instructions, and the defendant did likewise as to his instructions, and that the evidence on either side, if believed by the jury, would have warranted a verdict either for the plaintiff or the defendant, justified the giving of instructions upon each and all the various hypotheses stated in the plaintiff's instructions (Eames v. Rend, 105 Ill. 506-9), notwithstanding the contradictory statement in the bill of exceptions that there was no evidence before the jury that the defendant knew anything about the origin of the money given to him for the purchase of the said stock mentioned in the plaintiff's instructions. The bill of exceptions is in the nature of a pleading of appellant, and must be construed most strongly against him.    Counsel contends, however, that as the evidence was strongly conflicting, the instructions should have been accurate, and that those given for appellee are erroneous because they single out inconclusive and evidentiary facts and give prominence to them, and were therefore calculated to and did mislead the jury; that the second instruction is argumentative, fails to refer to any agreement to form a partnership, and its ending, as also the third instruction, with the words, "and the jury will so find," was improper, as amounting to an order to find for the plaintiff.

It seems unnecessary to discuss in detail the different points wherein it is claimed the instructions single out and give prominence to the alleged evidentiary and inconclusive facts, in view of the statement in the bill of exceptions that there was evidence tending to support the various hypotheses set forth in the instructions which, as is stated by the court in the Eames case, *supra*, was sufficient to justify the instructions.

We think, after full consideration of counsel's arguments, that there is nothing misleading nor calculated to mislead the jury in the instructions; that the second instruction is' not argumentative, and that the ending of the second and third instructions was not improper. It was the duty of the jury, if the facts as stated in the second and third instructions were established by the evidence, to find for the plaintiff, and there was no error in directing it to so find. Plano Mfg. Co. v. Parmenter, 39 Ill. App. 270; R. R. Co. v. Reagan, 52 Id. 496.

The second instruction does refer to the relationship of partners between the parties, in the words "for the joint use and ownership of plaintiff and defendant as partners," and this was a sufficient reference to an agreement to form a partnership. The judgment is affirmed.