Fessenden v. Doane.

---

## Benjamin A. Fessenden and George H. High, Copartners as Fessenden & High, v. John W. Doane.

1. INSTRUCTIONS—*To Be Applicable to the Theories of the Parties.*— Each party in a suit is entitled to have instructions given that fairly present to the jury the law applicable to the evidence which tends to support his theory of the case, so that the jury, being put into possession of the law applicable to the evidence in support of each side of the case, have only to determine from all the evidence what the facts are, and render the verdict accordingly.

2. SAME—*Should Be Read as a Series.*—The instructions given in a case should be read as a series, and when so done, unless they are so variant and irreconcilable as to be unable to stand together and leave the jury free to adopt one or more as the law and entirely reject the other as may suit their caprice, they are not so conflicting as, for that reason, to constitute error sufficient to reverse a judgment.

3. VERDICTS—*Presumptions as to.*—When a jury has been properly instructed as to the law of the case, they must be considered as having found every issue of fact litigated against the unsuccessful party, if necessary to sustain their verdict.

4. SAME—*Must Be Considered as Expressing the Truth.*—The verdict must be considered by this court as expressing the truth concerning the disputed facts, unless it is clearly against the weight of the evidence, and ought not, as a matter of law, to stand.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed May 15, 1900.

HENRY S. ROBBINS, attorney for appellants.

JNO. N. JEWETT, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This was a suit brought by the appellants to recover from the appellee a commission of two and one-half per cent, or $11,625, for their alleged services as real estate brokers in the matter of a sale of real estate. The jury returned a verdict for defendant, appellee, and judgment was rendered accordingly.

We do not observe any contention but that if appellants are entitled to recover anything they should have the full amount claimed by them. The appellee wanted to sell a certain property, and finally did so for the price of $465,000, although at first he asked much more for it. He first offered it to McCormick, the purchaser, through a broker named Doherty, about September 1, 1896, and it was through this same broker that the sale to McCormick was finally consummated about the end of December of that year, at a price nearly $200,000 less than that at which it was at first offered to him.

Along in October or November of the same year, while the negotiations between Doherty and McCormick were languishing, if not quite suspended, the appellants applied to the appellee to offer the property to the same McCormick, and obtained his consent to their doing so. The divergence between the parties has its commencement in the terms then agreed upon. Appellants claim that the effect of the agreement was that if they should do their best to make a sale to McCormick for $527,000, appellee would pay them a commission of two and one-half per cent on whatever sum McCormick should afterward pay for the property, irrespective of whether the sale to him should be effected by appellants or not.

It can not be successfully contended but that appellants were informed by appellee at that time that Doherty had already been in negotiation with McCormick; and it is not claimed that appellants effected the sale that was made.

By their briefs appellants epitomize their right to recover upon either one of two theories set forth in their declaration:

(a)   Upon the ground that by their special agreement with Doane, they were entitled to commissions upon rendering such services as they could to induce McCormick to buy, if he bought, whether they were the procuring cause of the sale to him or not.

(b)   Assuming the contract to be the usual one, requiring the broker to be the procuring cause of the sale, in order that his commissions may be earned, Doane wrongfully interfered with appellants' negotiations with McCormick, and so prevented them from earning the stipulated commission.

Appellants did not ask an instruction upon the last named theory. The only instruction requested by them, except one that the law will imply a reasonable time within which an agreement may be completed where no specific time is mentioned, had reference to the first named theory.

That instruction, in its material part, was as follows :

" If you find from the evidence that plaintiff had in view a possible customer for defendant's property, and that defendant agreed that if plaintiffs would disclose to him the name of such customer and act as his brokers in attempting to effect a sale of said property to said prospective purchaser at a price acceptable to defendant, and that if said person should thereafter become a purchaser of said property from defendant, at a price satisfactory to defendant, that defendant would pay to plaintiffs for their said services two and one-half per cent of said purchase price; and if you further believe from the evidence that after the making by defendant of said agreement plaintiffs did disclose to defendant, as the possible purchaser, one McCormick, and plaintiffs thereafter acted as defendant's brokers in attempting to induce said McCormick to become a purchaser of said property and in all respects complied with their part of said contract, and that thereafter said McCormick did in fact purchase from defendant said property for the sum of $465,000, then you are instructed that the plaintiffs are entitled to a verdict for two and one-half per cent of said $465,000."

This instruction was in harmony with appellants' proposition laid down in their brief, that there was an express agreement between the parties as to the extent of services to be rendered by appellants, and that if they performed

their part in that regard they should receive as compensation for such service a percentage of two and one-half per cent of the purchase price—whatever it might be—in case the property should thereafter be sold to McCormick, regardless of whether appellants effected or were instrumental in effecting the sale or not.

And there was evidence that tended to support the theory that such was the agreement entered into.

The only plea of the defendant (appellee) was the general issue, and his theory of defense, as developed by the evidence, was not a denial that a contract relationship existed at one time between appellants and himself with reference to a sale of the property to McCormick, but was a denial of the special terms of contract contended for by appellants, and that whatever it may have been at one time it had entirely terminated.

Perhaps the theory of the defense can not be better stated than is done in the first, fifth, sixth and seventh instructions to the jury given at appellee's instance, as follows:

" 1.   The jury are instructed that the plaintiff's cause of action in this case is a claim made by them as brokers for compensation, by way of commissions, upon a sale of certain property, situated in the city of Chicago, known as the Atlas Block, made by the defendant to Leander J. Mc-Cormick in the latter part of December, 1896, and that to entitle them to recover such, or any compensation on account of said sale, the jury must believe from the evidence in the case that the plaintiffs were employed by the defendant in and about the business of making said sale, and that their services were instrumental in accomplishing it.

A promise by the defendant to pay the plaintiffs for services independently rendered by a third person in no way associated with the plaintiffs, would be a promise without consideration, upon which no action could be maintained by the plaintiffs."

" 5.   If the jury believe from the evidence that upon their own request and solicitations the plaintiffs were authorized by the defendant to offer his property, known as the Atlas Block, to Leander J. McCormick for the sum of

$527,000, and upon no other terms, and that they offered the said property to said McCormick at that price, which offer was declined by said McCormick, and that fact was reported by the plaintiffs to the defendant, and no authority was given by the defendant to the plaintiffs to offer said property to said McCormick or any other person at any less or different price, then and in that case the jury are instructed that the defendant was fully justified in regarding and treating the authority given by him to the plaintiffs as ended, and the plaintiffs under such circumstances would be entitled to no compensation for the time and labor expended by them in their endeavor to make sale of said property to said McCormick. And the fact that the defendant subsequently and through another broker, and wholly without the interference or participation of the said plaintiffs, sold the same property to the said McCormick for a less sum than $527,000, if the jury believe from the evidence that such was the fact, would not in any way revive the relations of the parties or give to the plaintiffs any right to commissions or other compensation on account of such sale."

" 6.    If the jury believe from the evidence that Mr. Doherty, as the representative, broker or agent of the defendant, opened negotiations with Mr. L. J. McCormick for the sale to him of the property in question, with the knowledge and permission of the defendant, and that the plaintiffs, being advised of Mr. Doherty's employment and action, afterwards, having authority from the defendant to find a purchaser for the same property, endeavored to make a sale thereof to said McCormick, but were not instrumental in so doing, than the plaintiffs are not entitled to compensation for their services in endeavoring to make said sale, even though the jury may further believe from the evidence that the defendant, through the instrumentality of Mr. Doherty, acting independently of said plaintiffs, afterward succeeded in selling said property to said McCormick. One claiming commission for the sale of real estate can not rightfully claim the benefit of introducing to the defendant a purchaser for his property, who had already been introduced to him as such by another party with and through whom negotiations were already in progress, and were continued to a consummation of the sale."

" 7.    If the jury believe from the evidence that the defendant in September, 1896, through Mr. John A. Doherty, a real estate broker, offered the property in question to Lean-

der J. McCormick for the sum of $650,000, which offer was refused, and subsequently in October or November of the same year, through the plaintiffs as brokers, who were advised of the previous offer, offered the same property to the said McCormick for the sum of $527,000, which offer was also refused, and that thereafter the said Doherty alone, as broker, at the instance of the said McCormick, opened up new negotiations with said McCormick for the sale of said property at a less price than $527,000, which last negotiations resulted in a sale of said property to said McCormick for certain securities nominally amounting to the sum of $465,000, then the plaintiffs are not entitled to commissions upon said sales, and the jury must find for the defendant."

Appellants insist that these instructions, or some of them, given at the request of the defendant, were entirely inconsistent with and nullified their instruction given as quoted. But we do not think so. Each side was entitled to have instructions given that should fairly present to the jury the law applicable to the evidence that tended to support its theory.

And this was the plain effect of the instructions. The jury thus being put into possession of the law applicable to the evidence in support of each side of the case, had only to determine from all the evidence what the facts were and render their verdict accordingly. Eames v. Rend, 105 Ill. 506.

The instructions given should be read as a series, and when so done, unless they are so variant and irreconcilable as to be unable to stand together and to leave the jury free to adopt one or more as the law and entirely reject the other, as might suit their caprice (T., W. & W. Ry. Co. v. Morgan, 72 Ill. 155), they are not so conflicting as, for that reason, to constitute error sufficient to reverse a judgment.

The instructions read as a whole appear to us to fairly state what the law is if applied to one state of facts, and as to what it is if applied to a different set of facts.

Whether there was or not such a special contract as appellants' evidence tended to show, or whether there was a different kind of contract, or, in either case, whether the

contract had been terminated, were questions of fact about which the evidence was conflicting, and was peculiarly within the province of the jury to settle. If the first instruction given for the appellee were standing by itself, it might be objectionable as forbidding a recovery unless appellants' services were instrumental in accomplishing the sale, without any reference to other aspects of the case, but when read and considered, as it must be, as a part of a series in which the several theories are fully stated, it does not seem to be objectionable; and we are unable to see how it could have misled the jury.

The jury having been properly instructed as to the law of the case, they must, by intendment, be considered as having found every issue of fact that was litigated against the unsuccessful party, if necessary to sustain the verdict. Mexican Central Ry. Co. v. Gehr, 66 Ill. App. 173 (p. 179).

We must therefore consider it as settled that the agreement contended for by appellants was not made, and that whatever the agreement may have been it was terminated, and that appellee was left at full liberty to consummate a sale, through the intervention of Doherty, without being considered to have in any manner interfered with appellants' negotiations. True, there was evidence in behalf of appellants tending to show that their negotiations with McCormick had not terminated at the time McCormick took up again a consideration of the purchase of the property through Doherty at a reduced price, but there was also evidence tending to show the contrary, and the verdict must be considered by this court as expressing the truth concerning such disputed fact, unless it is clearly against the weight of the evidence, and ought not as a matter of law to stand. As to that, a consideration of all the evidence and the law applicable thereto, manifestly does not permit us to so say, upon this record.

The establishing by the verdict of these ultimate facts leaves but little, if any, opportunity for dispute as to the law. The clear conclusion from it is against the right of recovery by appellants.

The only remaining point to be considered has reference to the exclusion by the court of the offered testimony by Mr. Fessenden and Mr. High in rebuttal to some testimony by Mr. Hall McCormick. The questions put to both Mr. Fessenden and Mr. High apply, in terms, to a conversation that took place with Mr. McCormick after the latter had terminated his relations with them; but beyond that circumstance, the questions were not calculated to elicit anything in rebuttal, for McCormick had not denied the making of the statement the questions referred to.

Nor can we see how the reasons that McCormick might have given for refusing to negotiate further with appellants, were at all relevant to the issues in the suit, it not appearing that appellee was in any sense connected with the conversation. There was no error in excluding the offered testimony.

The judgment of the Circuit Court must be affirmed, and it is so ordered.    Affirmed.