BENJAMIN A. FESSENDEN *et al.*

*v.*

JOHN W. DOANE.

*Opinion filed December 20, 1900.*

1. BROKERS—*when broker cannot claim benefit of introducing a pur-chaser.* A real estate broker cannot rightfully claim the benefit of introducing to the owner, as a purchaser, one who had already been introduced as such by another broker with and through whom negotiations were already in progress, which were continued to a consummation of the sale.

2. INSTRUCTIONS—*each party may have instructions applicable to the evidence tending to support his theory.* Each party is entitled to have instructions given which fairly present to the jury the law appli-cable to the evidence tending to support his theory of the case.

3. SAME—*when instructions are not so conflicting as to require reversal.* Unless the instructions, when read together, are so variant and irreconcilable as to be unable to stand together, leaving the jury free to adopt one or more as the law and reject the others, as might suit their caprice, they are not so conflicting as, for that reason alone, to require a reversal.

*Fessenden* v. *Doane*, 89 Ill. App. 229, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. G. NEELEY, Judge, presiding.

HENRY S. ROBBINS, for appellants.

JOHN N. JEWETT, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The appellants, (co-partners,) real estate brokers in Chicago, brought this an action in assumpsit against the appellee to recover $11,625, alleged to be due for commissions for their services as real estate agents in the sale of certain real estate belonging to appellee to Leander J. McCormick. A hearing before the trial court and a jury resulted in a verdict and judgment against the appellants for the costs of suit. This judgment was affirmed by the Appellate Court for the First District, and this is a further appeal to this court.

But two alleged errors are assigned: First, that the court, in the instructions to the jury, declared erroneous principles of law, to the prejudice of the appellants; and second, the court erroneously excluded competent evidence tendered by the appellants in rebuttal.

The declaration contained the common counts and six special counts. There was but one cause of action,— the demand for commissions on the sale of real estate to McCormick,—and the different counts in the declaration were but statements of this same cause of action differently framed, to meet any and all possible phases of the evidence.

The appellants asked the court for but one instruction as to the right of recovery. That was given as asked, and it advised the jury "that if you find, from the evidence, that plaintiffs had in view a possible customer for defendant's property, and that defendant agreed that if plaintiffs would disclose to him the name of such customer and act as his brokers in attempting to effect a sale of said property to said prospective purchaser at a price acceptable to defendant, and that if said person should thereafter become a purchaser of said property from defendant at a price satisfactory to defendant, that defendant would pay to plaintiffs for their said services two and one-half per cent of said purchase price; and

if you further believe, from the evidence, that after the making by defendant of said agreement plaintiffs did disclose to defendant, as the possible purchaser, one Mc-Cormick, and plaintiffs thereafter acted as defendant's brokers in attempting to induce said McCormick to become a purchaser of said property and in all respects complied with their part of said contract, and that thereafter said McCormick did in fact purchase from defendant said property for the sum of $465,000, then you are instructed that the plaintiffs are entitled to a verdict for two and one-half per cent of said $465,000."

The contention of the appellee as to the right of recovery indicated by the instruction and the counts in the declaration upon which it was based, was, that appellants solicited from appellee the privilege of offering the property and attempting to negotiate a sale thereof to one Thomas Murdock; that at and before that time one John A. Doherty, a real estate broker of Chicago, had been authorized to attempt to negotiate a sale of the property to the said Leander J. McCormick, and that negotiations between Mr. Doherty, as the agent of appellee, and said McCormick were pending when appellants solicited authority from appellee to endeavor to negotiate a sale of the property to Mr. Murdock, and that appellants then well knew that such negotiations were pending with said McCormick, and that the property was finally sold to McCormick by Mr. Doherty, to whom appellee paid a commission. There was evidence abundantly tending to support this position of appellee, and the court, at the instance of appellee, instructed the jury as to the grounds of recovery relied upon in the instruction given at the instance of appellants, as follows:

6. "If the jury believe, from the evidence, that Mr. Doherty, as the representative, broker or agent of the defendant, opened negotiations with Mr. L. J. McCormick for the sale to him of the property in question, with the knowledge and permission of the defendant, and that the

plaintiffs, being advised of Mr. Doherty's employment and action, afterwards, having authority from the defendant to find a purchaser for the same property, endeavored to make a sale thereof to said McCormick but were not instrumental in so doing, then the plaintiffs are not entitled to compensation for their services in endeavoring to make said sale, even though the jury may further believe, from the evidence, that the defendant, through the instrumentality of Mr. Doherty, acting independently of said plaintiffs, afterwards succeeded in selling said property to said McCormick. One claiming commission for the sale of real estate cannot rightfully claim the benefit of introducing to the defendant a purchaser for his property who had already been introduced to him as such by another party, with and through whom negotiations were already in progress and were continued to a consummation of the sale."

It is urged this instruction omits reference to elements of appellants' alleged right of recovery upon grounds other than those set forth in the only instruction given the jury at the request of appellants, and appellants insist their case, on other counts of the declaration and other grounds of recovery, was prejudiced by this omission. It is perfectly clear this instruction could but have been understood by the jury as addressed to the ground of recovery set forth in the instruction given at the request of appellants. As applied to the right of recovery relied upon in the instruction so given for appellants, this instruction given at the instance of the appellee is correct and unobjectionable, and there is no reason to fear the cause of appellants was prejudiced thereby.

Seven instructions, in all, were given for appellee. The others, aside from the sixth, to which we have just referred, touched upon the rules of law applicable to the other alleged grounds of recovery. It is complained as to these instructions, that they omit reference to certain facts alleged to have been made to appear by the evi-

dence and certain principles of law applicable to appellants' right of recovery, to the prejudice of their cause. These instructions were severally applicable to the distinct grounds of recovery set forth in the different counts of the declaration, and it is true that each of them does not apply to and meet each and every of the counts, but each of them presented correct principles of law applicable to the theory of the appellants as to the case under the evidence, upon the different counts. The Appellate Court, on this branch of the case, well said:

"Each side was entitled to have instructions given that should fairly present to the jury the law applicable to the evidence that tended to support its theory. And this was the plain effect of the instructions. The jury thus being put into possession of the law applicable to the evidence in support of each side of the case, had only to determine, from all the evidence, what the facts were, and render their verdict accordingly. (*Eames* v. *Rend*, 105 Ill. 506.) The instructions given should be read as a series, and when so done, unless they are so variant and irreconcilable as to be unable to stand together and to leave the jury free to adopt one or more as the law and entirely reject the other, as might suit their caprice, (*Toledo, Wabash and Western Railway Co.* v. *Morgan*, 72 Ill. 155,) they are not so conflicting as for that reason to constitute error sufficient to reverse a judgment. The instructions, read as a whole, appear to us to fairly state what the law is if applied to one state of facts and as to what it is if applied to a different set of facts. Whether there was, or not, such a special contract as appellants' evidence tended to show, or whether there was a different kind of contract, or, in either case, whether the contract had been terminated, were questions of fact about which the evidence was conflicting, and were peculiarly within the province of the jury to settle. If the first instruction given for the appellee were standing by itself, it might be objectionable as forbidding a recovery unless

appellants' services were instrumental in accomplishing the sale, without any reference to other aspects of the case; but when read and considered, as it must be, as a part of a series in which the several theories are fully stated, it does not seem to be objectionable, and we are unable to see how it could have misled the jury."

We do not think the case should be reversed because of the refusal of the court to permit the appellants, as witnesses, to answer questions proper only on the theory the replies thereto would tend to impeach the testimony of Hall McCormick, who testified as a witness for the appellee. The substance of the question was whether the witness, (McCormick,) at the office of the witness, on a certain occasion, said to the appellant Fessenden that he would not negotiate further with him about the purchase of the property, as he was then negotiating with Mr. Doherty and expected to get the property through Doherty at a lower price. McCormick testified the conversation occurred after he had closed all negotiations with appellants as agents of appellee, and that he did not remember the conversation in detail and would not expressly deny that the conversation occurred as claimed by appellants. The entire testimony of this witness is consistent only with the view he purchased the property through Doherty rather than through appellants, for the reason Doherty had authority to sell at a lower price than had the appellants. Furthermore, the appellant Fessenden, when testifying as a witness in chief, gave his version of this same alleged conversation with McCormick. In the absence of any express denial thereof, and the testimony of McCormick being in substance not inconsistent with the conversation as detailed by Fessenden, it is manifest the judgment should not be reversed for the reason the court refused to permit appellants to again answer to formal impeaching questions.

The judgment must be and is affirmed.

*Judgment affirmed.*