## The Suburban R. R. Co. v. Emma Malstrom.

1. INSTRUCTIONS—*Party May Have the Jury Instructed as to the Issues and the Law Bearing upon His Theory of the Case.*—A party has a right to have the jury instructed as to what the issues are and the law bearing upon his theory of the case, if there is evidence tending to sustain such theory.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. GEORGE W. PATTON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed January 16, 1903. Rehearing denied February 3, 1903.

CLARENCE A. KNIGHT and WILLIAM G. ADAMS, attorneys for appellant.

JAMES C. McSHANE, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action to recover for loss alleged to have been sustained by reason of the negligence of appellant. The alleged negligence was charged as follows:

" The plaintiff was then and there at said stopping place, and desired to become a passenger upon said car, and when said car stopped, the plaintiff attempted to board said car as a passenger, and while in the act of getting upon said car while it was so standing, and while she was exercising due care and caution for her own safety, the defendant's servants, without giving the plaintiff any warning, negligently and unexpectedly to the plaintiff violently started said car, and the plaintiff was thereby then and there thrown into a ditch alongside of said track."

The contention as to the questions of fact was largely whether appellee was in the act of getting upon appellant's car as a passenger and was thrown by the sudden starting thereof, or whether she was one of a hurrying crowd on the platform and was by such crowd pushed off the platform and so fell into a ditch.

Appellant contended that there was no sudden starting

of the car, nor any, without warning, and that the starting of the car was in nowise the cause of the injury to appellee.

There was evidence tending to sustain the contentions of the respective parties. Appellant asked that the jury be instructed as follows:

" The court instructs you that the allegations in plaintiff's declaration that she was thrown into a ditch alongside the defendant's railroad tracks by and on account of its car being violently started up is a material allegation and must be proved by her, as alleged, by a preponderance of the evidence in the case, and she can not recover unless she has so proven such allegations; and if you believe from the evidence in the case that she fell into said ditch in some other way or from some other cause, then she can not recover in this suit and you should find the defendant not guilty."

This the court refused to give, but gave the following:

" The court instructs you that the allegations in plaintiff's declaration that she was thrown into a ditch alongside the defendant's railroad tracks by and on account of its car being violently started up just as she was attempting to board it, is a material allegation and must be proved by her, as alleged, by a preponderance of the evidence in the case, and she can not recover unless she has so proven such allegations; and if you believe from the evidence in the case the car was not suddenly started, but that she fell into said ditch from some other cause, then she can not recover in this suit and you should find the defendant not guilty. To which ruling of the court in refusing to give said instruction as requested, and in modifying said instruction, and in giving said instruction as modified to the jury, the defendant, by its counsel, then and there duly excepted."

The allegations of the declaration in the instruction given are not stated with entire accuracy; the charge is that " while in the act of getting upon said car " not " just as she was attempting to board it." The fault with the instruction given is, however, that it tells the jury that they must find the defendant not guilty if two things exist, viz., that the car was not suddenly started and that plaintiff fell into the ditch in some other way or from some other cause.

Under the declaration the plaintiff could not recover

unless she was thrown into a ditch as a result of the sudden starting of the defendant's car.

The modified instruction given by the court was misleading and prejudicial. A party has the right to have the jury instructed as to what the issues are and the law bearing upon his theory of the case, if there is evidence tending to sustain such theory.

The defendant was entitled to an instruction that if the plaintiff fell into the ditch from some other cause than the starting of the car, she could not recover, and to have the attention of the jury clearly called to that issue. Illinois Central Ry. Co. v. King, 179 Ill. 91; same v. same, 77 Ill. App. 581; Fessenden v. Doane, 89 Ill. App. 229; same v. same, 188 Ill. 228; Baltimore and Ohio S. W. Ry. Co. v. Faith, 175 Ill. 58; West Chicago St. Ry. Co. v. Kautz, 89 Ill. App. 309; Chicago Heights L. Association v. Butler, 55 Ill. App. 461.

As a good deal of evidence had been given showing that the car did not stop at the platform, but that the rear end of the car was from one to two feet beyond the platform, although this was neither charged in the declaration as negligence nor at all, the defendant as to this asked to have the jury instructed as follows:

"The court instructs you that the plaintiff can not recover in this case on account of the defendant not having its car stop at the platform at the time plaintiff claims she attempted to board said car and was hurt; that is not alleged in plaintiff's declaration herein as an act of negligence on the part of defendant, therefore she can not recover on that account."

The defendant also asked to have the jury instructed as follows:

"The court instructs you that if you believe from the evidence in this case that the plaintiff was crowded off or fell from the end of the station platform, and was not thrown therefrom by the violent starting up of the defendant's car, then she can not recover in this case and you should find the defendant not guilty."

We think these instructions should have been given as

calling attention to the theories of the defendant based upon evidence in the case.

The judgment of the Superior Court is reversed and the cause remanded.