## A. Yuckman, Defendant in Error, v. J. J. Considine, Plaintiff in Error.

### Gen. No. 17,570.

1. **Municipal court**—*when amended affidavit of defense is waived.* Where in an action by a broker for commissions the defendant asks leave to amend his affidavit of merits so as to include additional defenses developed by the evidence, and the court replies, "Never mind. The evidence on those points is in without objection and I presume it will stand," the plaintiff not objecting is bound thereby and waives the formality of an amended affidavit.

2. **Argument of counsel**—*attorney cannot assail good faith of opponent asking to amend affidavit of defense.* Where the evidence developed another defense, that the sale was to be for "net cash," and plaintiff waived the formality of amending the affidavit of defense so as to include it, it is error to permit plaintiff in his argument, to read the affidavit and comment on it as limiting the defense and to say that such defense had sprung out of the mind of clever counsel after they had come into court.

3. **Argument of counsel**—*defense predicated upon change of pleadings cannot be assailed.* Whether a defense is presented in good faith may be questioned on proper evidence in a cause, but it is not subject to attack by counsel in argument to the jury merely because there has been a change in the pleadings.

4. **Brokers**—*instructions.* A defendant is entitled to have an oral instruction given presenting his theory of defense that there could be no recovery for broker's commissions if he was not the owner of the property nor authorized to offer it for sale and plaintiff so knew prior to his negotiations with a purchaser.

Error to the Municipal Court of Chicago; the Hon. William W. Maxwell, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed December 17, 1912. Rehearing denied December 31, 1912.

Rogers & Mahoney, for plaintiff in error; J. Kentner Elliott, of counsel.

Adler & Lederer, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

The statement of claim and affidavit of defense confined the issue between the parties hereto (whom we shall refer to by their titles in the court below), to whether defendant was liable for commissions claimed by plaintiff as a real estate broker. Defendant's mother was the owner of the property and was made a party defendant, but at the close of the testimony the suit as to her was dismissed.

In the fruitless negotiations involved plaintiff claimed that he produced a customer ready, willing and able to purchase on defendant's terms. Defendant denied that he had made any contract and claimed that in whatever he did he was acting solely as an agent for his mother. Plaintiff was informed that she was the owner of the property, but relied upon an alleged statement of defendant, which he denied making, that he had a power of attorney from her.

Other issues were brought into the trial. The terms on which the property was submitted were disputed, defendant claiming that the sale was to be for "net cash," and plaintiff that it was to be for commissions and part cash. It also came out in the trial that the persons negotiating for the purchase proposed to make it by way of investment for a corporation that they controlled, and upon evidence of that character defendant, in view of the statutory limitations upon the right of corporations to buy and hold real estate, questioned whether plaintiff had produced a customer "able" to make the purchase.

After the testimony was in defendant asked leave to amend his affidavit of merits so as to include the other defenses developed by the evidence. The court replied: "Never mind. The evidence on those points is in without objection, and I presume it will stand."

In effect this ruling treated such matters as part of the defense and plaintiff not objecting was bound thereby and waived the formality of an amended affi-

davit. His argument before the jury, therefore, should have been in harmony with such ruling. But he was permitted to read the affidavit of defense and comment on it as limiting the defense and saying nothing about the terms of sale being for "all cash" or "net cash," and was allowed to say that such defense had sprung out of the mind of clever counsel after they had come into court. To these remarks defendant excepted, but the court took no notice thereof.

Such an argument unrebuked was calculated to lead the jury to disregard the effect of the court's ruling, and either to regard the issues as limited to what was contained in such affidavit, or to question on improper grounds the good faith of other defenses thus presented. If the mere fact that one amends his pleading after trial and before judgment, which often becomes necessary either through surprise during the trial or through counsel's misapprehension of the law or the facts when drawing the original pleading, lays his good faith in so doing open to an assault before the jury, the benefit from the right to amend in many instances would be lost, and the value of it seriously impaired. Taft v. Fiske, 140 Mass. 250. Whether a defense is presented in good faith may be questioned on proper evidence in the case, but it is not subject to attack merely because there has been a change in the pleadings. The reason for the change may not become known or apparent to the jury and would not then be a proper subject for their consideration. Inferences drawn from the argument in question under the circumstances in this case may have been palpably wrong and unjust and productive of much harm. We think it was error, therefore, for the court to permit the exception taken to pass unnoticed.

The question of defendant's agency and whether plaintiff had knowledge of it was also important. Inasmuch as plaintiff knew that Mrs. Considine was the owner of the property, if defendant did not say that he had a power of attorney to negotiate for her, then

the record fails to disclose any ground of action against him. It is important, therefore, that the jury should have been properly charged on that question.

The charge, given orally, included instructions based on the theory of defendant's liability in case the jury found that he made a contract with plaintiff without authority and without the latter's knowledge of his lack of authority; and also in case they found among other things that the name of the owner was not disclosed by him, which, in view of plaintiff's admission to the contrary, should not have been given. After the delivery of the charge, defendant's counsel asked that the court instruct the jury orally in substance that if the jury believed from the evidence that defendant was not the owner of the property, nor authorized to sell or offer it for sale, and the plaintiff so knew prior to his negotiations with a prospective purchaser, then he could not recover. The court refused to comply with the request. As the instruction asked for correctly presented the theory of his defense and related to a vital fact in controversy, we think the refusal was error. "Each side was entitled to have instructions given that should fairly present to the jury the law applicable to the evidence that tended to support its theory." Fessenden v. Doane, 188 Ill. 228. This was none the less true because they were oral. We do not find that any other instruction contained in the charge justified refusing the one requested.

The evidence was very conflicting on essential matters and a serious question is raised as to where the preponderance lay. But the view we have taken of the case dispenses with any need of its consideration.

The judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*