DeWolf v. City of Chicago.

the counsel being absent. A motion to reinstate the cause was overruled. Plaintiffs below appealed.

C. AND M. BLANCHARD, for Appellant.

G. S. ELDREDGE, for Appellee.

---

CALVIN DEWOLF, Plaintiff in Error, *v.* THE CITY OF CHICAGO, Defendant in Error.

ERROR TO COOK.

A justice of the peace, who acts at the instance of the city, not designated as a police magistrate, may recover from the city fees earned by him in his official capacity. Such fees earned by a member of the council, do not come within the prohibition of the charter, forbidding aldermen from receiving compensation for their services.

If a person stands by and sees another doing work necessary and useful to him, and appropriates it, he may become liable on an implied promise to pay the value of it.

THE plaintiff sued defendant in assumpsit for his legal fees as justice of the peace, and for like fees collected and paid into the city treasury, which were duly demanded by plaintiff from defendant.

Defendant's plea—general issue.

Judgment for defendant, and exception.

The facts agreed upon are as follows :

Plaintiff, Calvin DeWolf, at the time the services hereinafter mentioned were rendered, as claimed by him, was a justice of the peace, in the town of South Chicago, Cook county, Illinois, and acting as a justice of the peace, he tried the causes mentioned in the bill of particulars attached to the declaration in this cause. The City of Chicago, the defendant, was plaintiff in all cases, and the amount of fees charged in said bill is correctly stated, amounting in all to the sum of $186.77, against one hundred and sixty-two defendants.

The city comptroller was occasionally present while the above cases were being tried, and the whole amount of fines and costs in said cases collected was paid into the city treasury. The mayor, police clerk, and city attorney, were present at the trial of said causes, and prosecuted or attended to the same on behalf of the city. John King, Jr., and Isaac L. Milliken, were police justices at the time the suits were tried, and were either sick or absent from the city ; and plaintiff was an alderman of the city.

The cases were tried in the Police Court, and the ordinances of the city are considered in evidence.

It was and is further admitted, that in the above cases, $124.50, of the fees of the plaintiff in the above cases, have been collected and paid into the city treasury ; and the payment thereof of the city of Chicago, and its proper officers, demanded by plaintiff, prior to the commencement of this suit.

And it was further agreed, as a part of the stipulation of facts in this case, that the same was subject to all legal objections, as to the admissibility of the same, as evidence by either party, or any part or portion thereof.

GARRISON & ANDERSON, for Plaintiff in Error.

J. L. KING, for The City.

BREESE, J. The counsel for the city contends, that the appellant is not entitled to claim, as justice of the peace, such fees as accrued to him, in cases tried by him to recover certain fines and penalties in which the city was the party plaintiff. He places his objections chiefly upon two grounds. First. Because

the city council, under the charter, had designated two justices of the peace in the city, who had jurisdiction in all cases for the recovery of any fine or penalty under the charter or any ordinance, by-law, or police regulation of the city council. Such justices, so designated, constituted the " police court," and their compensation was by a salary, in lieu of all other compensation or fees whatever, accruing from the business to be disposed of in that court. They were also required, before they entered upon their duties, to sign and execute an express relinquishment in writing, in favor of the city, of all other fees, emoluments or compensation whatever, than what might be provided by the salary fixed by the common council, and thereafter all justice's fees and costs collected in all actions brought for the city, under the city charter, should be paid into the city treasury as other revenues of the city.

Second. That while the plaintiff in error was performing the duties and services here claimed, he was a member of the common council, and, by the charter, no member of the common council is permitted to receive, during the period for which he was elected, any compensation for his services, or be appointed to, or be competent to hold, any office of which the emoluments are paid from the city treasury, or paid by fees directed to be paid by any act or ordinance of the common council.

There is much argument used in support of these objections, which we will not go over, as the view we take of the case renders it unnecessary.

The declaration in this case counts upon services rendered the city as a justice of the peace, and for money had and received by the city, to the use of the plaintiff.

The first objection, as between any justice of the peace who had been designated as a member of the police court, and the city, would be unanswerable. The suit being brought by one not claiming in that capacity, but as an ordinary justice of the peace, who, by some casualty, was called upon by the city authorities to do business confided especially to the police court, there must be some principle with which we are unacquainted, which shall deprive him of the fees allowed by law for his services. These services were rendered at the request and under the direction of the proper officers of the city, the city attorney himself being present, attending to the cases, prosecuting them on behalf of the city, and the authorities ratified the employment by receiving the fines that were imposed and the costs collected, to the benefit of the city treasury to the extent of those fines and fees.

By virtue of his office of justice of the peace, the plaintiff in error had jurisdiction to try such cases, and the law gives him,

as compensation, certain fees. If the city has appropriated those fees, they ought to refund them.

As to the other objection, that the plaintiff was a member of the common council at the time the services were performed and the fees earned:

We see nothing in the charter of the city inhibiting a member of the council from acting as a justice of the peace, and demanding and receiving his legal fees. He cannot be interested, directly or indirectly, in any contract, work, or business, or in the sale of any article, the expense, price or consideration of which is paid from the city treasury. This, surely, cannot be applied to mental labor bestowed upon the business of the city, at the request of its authorities, by one who holds the office through which he performs the business independent of the city or of its council.

Upon neither point can the city maintain their defense. Although the plaintiff in error was not designated as one of the police court, he still, by virtue of his office as a justice of the peace for the city, had, under the general law of the State, jurisdiction to try cases in which the city was plaintiff. And if he did try them, on request of the proper authorities, the city, like any individual or corporation, must pay for them. It was the duty of the plaintiff to perform the services when called upon, a duty from which he could claim no exemption. He had jurisdiction, by the general law, of all such actions.

The principle is undoubtedly correct, that one man cannot make another his debtor without his consent, or render services without request, and afterwards charge for them, but it has its exceptions. If one sees another doing work for him, beneficial in its nature, and, by his agent, overlooks the work as it progresses, and does not interfere to forbid it, the work itself being necessary and useful, and appropriates the work to his own use, he might be liable, on an implied promise, to pay the value of the work. There is evidence enough in the case to imply a request, and that the labor of the plaintiff was done on request.

The city comptroller, who is the head of the financial department of the corporation, was occasionally present whilst the causes were being tried. The mayor, who is the head of the corporation, the police clerk and the city attorney were present, and prosecuted or attended on behalf of the city.

Though the cases were tried in the police court, they were not tried by the justices of that court, but by the plaintiff, brought there for that purpose. He did not, by exercising his jurisdiction in that particular place, assume the position of the regularly appointed justices of that court, working for a salary,

nor is there any proof, or inference from any fact in the cause, that he was performing these duties gratuitously.

These fees, we think, justly belong to the plaintiff. The defendant has received them, and placed them in the city treasury. *Ex equo et bono*, the city ought not to retain them. The amount received by the city is admitted to be one hundred and twenty-four dollars and fifty cents. Judgment will be entered here for that amount, which, if not paid by the city, the plaintiff can resort to a mandamus, or other proper process, to compel payment. The judgment is reversed.

*Judgment reversed.*