Tascott v. Grace.

# JAMES P. TASCOTT
## v.
# PARKER GRACE.

1. ACCEPTANCE OF BENEFICIAL SERVICES—WHEN PARTY IS LIABLE FOR SAME.—The mere acceptance of beneficial services rendered by another without the request of the party to be charged and without any subsequent promise to pay for the same, creates no obligation to pay, even though the services rendered be beneficial to the person accepting them.   To create a liability there must be either a previous request or a subsequent promise, express or implied.

2. QUESTION OF FACT FOR THE JURY.—Whether the circumstances in a case are sufficient to warrant the inference of an implied promise, is a question of fact for the jury to determine from the evidence.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.   Opinion filed April 24, 1883.

Mr. JESSE COX, Jr., for appellant; that a verdict clearly against the weight of evidence will be set aside, cited T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Belden v. Innis, 84 Ill. 78; Dinet v. Reilly, 2 Bradwell, 316.

A hypothetical question embracing a supposition of facts of which no evidence had been given, is erroneous: Thayer v. Davis, 38 Vt. 163; Spear v. Richardson, 37 N. H. 23; Wright v. Hardy, 22 Wis. 348.

Voluntary services done without the privity or consent of the defendant, however beneficial to him, afford no ground of action: Bartholomew v. Jackson, 20 Johnston (N. Y.), 28; Mumford v. Brown, 6 Cowen, 476; Campbell v. Day, 90 Ill. 368.

Whether, under the circumstances in the case, there was any obligation to pay arising from the acts of the party to be charged, is a question of fact for the jury: Wilson v. Edmunds, 24 N. H. 546; Oatfield v. Waring, 14 Johnston (N. Y.), 188; Baker v. Keen, 2 Starkie R. 501; Parsons on Contracts, 446.

Messrs. Bonney, Fay & Griggs, for appellee; that error in the assumption of hypothetical questions does not make the interrogatory objectionable, if it is within the possible or probable range of the evidence: Filer v. N. Y. C. R. R. Co. 49 N. Y. 42; Harnett v. Garvey, 66 N. Y. 641.

As to evidence: Addems v. Suver, 89 Ill. 485; Schmidt v. Sinnott, 103 Ill. 163.

A judgment should not be disturbed when there is evidence to sustain the verdict: Addems v. Suver, 89 Ill. 482; Conn. Mut. Life Ins. Co. v. Ellis, 89 Ill. 516; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; Lewis v. Lewis, 92 Ill. 240.

Wilson, J. This was an action of assumpsit brought by appellee against appellant, to recover for services alleged to have been rendered by him for the latter in and about the collection of a claim held by appellant against Vane, Calvert & Co., of St. Louis.

One of the principal matters in controversy on the trial was as to whether the services for which the suit was brought, were rendered at the request of the defendant, or whether they were volunteered by the plaintiff through friendship for appellee, and without expecting compensation therefor. It was claimed by the plaintiff that he was employed by the defendant to assist him in the collection of a demand which the latter had against Vane & Co., with the assurance that if successful, defendant would pay him well for his services; that he accordingly rendered such assistance, and defendant thereby recovered some $8,000.

On the other hand, it was claimed by the defendant that plaintiff's services were trifling in amount, and were wholly voluntary, being rendered as a mere matter of friendship, and without any expectation on plaintiff's part of making any charge or receiving any compensation therefor, and that defendant never promised to pay for the same.

Evidence was given by the parties tending to support their respective theories. The jury found for the plaintiff $400, for which sum he had judgment.

Among other instructions the court gave the following, at the instance of the plaintiff:

Tascott v. Grace.

3. " The jury are further instructed that if they believe from the evidence that the plaintiff performed services for the defendant in the collection of his claim against Allen Vane, and that the defendant requested or accepted such services, and that the said services were of benefit to defendant; then they are instructed that there is an implied contract and obligation to pay for such services, such sum as the jury believe, from all the evidence in the case, such services were reasonably worth." To the giving of which instruction the defendant duly excepted.

The mere acceptance of beneficial services rendered by another without the request of the party to be charged and without any subsequent promise to pay for the same, creates no obligation to pay, even though the services rendered be beneficial to the person accepting them. There must be either a previous request, or a subsequent promise, express or implied, to create a liability. This principle is elementary and does not need the citation of authorities for its support. If the rule were otherwise, it would follow that the rescuing of a person from a burning building, from drowning, or from impending danger by a runaway team, would create a cause of action in favor of the person voluntarily rendering such service. This instruction makes the basis of liability, the mere acceptance of services, if beneficial in their character, without any previous request or subsequent promise to pay for the same.

The case of DeWolf v. The City of Chicago, 26 Ill. 443, is cited as announcing a different doctrine from that just stated, or rather as constituting an exception to it. An examination of that case, however, will show that so far from being opposed to or constituting an exception, it is in confirmation of the general rule stated. DeWolf, acting as a justice of the peace, had tried suits brought by the city before him to recover certain fines. The fines, together with his fees when collected, were paid into the city treasury, and he brought suit against the city to recover the amount of his fees as for money had and received. The Supreme Court, reversing the judgment of the court below, where the plaintiff failed to recover, held that

there was sufficient evidence in the case to show an implied request, it appearing that the mayor, who was the head of the corporation, the comptroller, the police clerk and the city attorney were present and prosecuted on behalf of the city. Although there is a *dictum* of Judge Breese, who wrote the opinion to the effect, that if one sees another doing work for him, beneficial in its nature, and does not interfere to prevent it, the work being necessary and useful, and appropriates the work to his own use, he might be liable, on an implied promise to pay the value of the work, the decision is placed expressly on the ground that the evidence was sufficient to show that the plaintiff's labor was done on request.

But even testing the instruction complained of by the *dictum* of Judge Breese, it fails to embody the necessary elements therein required, the only hypothesis stated being the acceptance of beneficial services. Moreover, the instruction is faulty in defining what circumstances are sufficient to warrant the inference of an implied promise. This was a question of fact for the jury to be determined from all the facts and circumstances in evidence on that subject. But the court told the jury that the mere acceptance of beneficial services created an implied contract and obligation to pay. *Non constat* that the services were rendered gratuitously, and without any expectation that they were to be paid for, and that the jury might have so found, if they had been properly instructed. Whether the seeing services rendered without making any objection, or interfering to forbid it, renders the party appropriating it liable or not depends upon the circumstances of each case, and whether the circumstances are or are not sufficient to justify the inference of an implied contract, is a fact to be determined by the jury. Campbell v. Day, 90 Ill. 363.

Being of opinion that the third instruction was calculated to mislead the jury, the giving it was error, for which the judgment must be reversed, and the cause be remanded for a new trial.

Reversed and remanded.