## Joseph B. Fosselman

*v.*

## The City of Springfield.

*Filed at Springfield November 2, 1891.*

1. MUNICIPAL CORPORATION—*liability for costs where fine and costs are discharged by labor.* A city or village, by compelling persons to work out fines imposed for the violation of its ordinances, on its streets and alleys, does not thereby become liable to an officer having costs in the case in which such persons were tried.

.2. An ordinance providing that persons convicted of breaches of ordinances be required to work out the same upon streets and alleys at a given sum per day, is in no sense an agreement on the part of the city to take labor in payment of judgment or fines, but is a means adopted for the purpose of compelling their payment in money. Labor performed under such an ordinance is not a payment of the judgments or fine.

3. PLEADING—*action for money had and received—what may be recovered under.* The action for money had and received is of an equitable nature, in which the plaintiff may recover from the defendant that which in equity and good conscience he ought not to retain. But it must always appear that the subject of the action was originally money, or that which the parties agreed to treat as money, or if goods other than money, that sufficient time has elapsed to justify the inference that they have been converted into money. To this rule there are no exceptions; but the law will sometimes treat certain things as money which, strictly speaking, are not.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. GROSS & BROADWELL, for the appellant.

Messrs. HAMILTON & PATTON, and Mr. T. McGRATH, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was an action of assumpsit, by appellant, against appellee, in the circuit court of Sangamon county, the judgment

there being for the defendant for the costs of suit. On appeal to the Appellate Court for the Third District that judgment has been affirmed.

An ordinance of the city of Springfield provides as follows:

Paragraph 180 : "When any person shall be committed by order of any police magistrate, justice of the peace or other competent court, for non-payment of any fine, penalty or forfeiture adjudged against him, and has no goods or chattels out of which the judgment and execution against him can be collected, the police officer having charge of the execution shall deliver such person, with a copy of the execution, and with the amount of the fine or penalty and costs adjudged against him, into the custody of the city prison keeper, who shall receive such person, and receipt for him to the officer upon the execution retained by him, and shall enter in a book kept for that purpose the date and amount of the fine and costs, and the number of days which the person will be required to be confined in order to discharge the same, at the rate of fifty cents per day."

Paragraph 181 : "The keeper of the city prison and workhouse may require any person committed to his custody for the non-payment of any fine or penalty imposed on him by any police magistrate or justice of the peace for any violation of the laws or ordinances of the city, to perform such manual labor as his or her strength will permit, within or without the prison, for not exceeding ten hours each working day, and in such manner as the prison keeper shall direct; and if such person shall refuse to labor when required, or shall conduct himself in a disorderly manner, or refuse to obey the lawful commands of the prison keeper, or shall resist him or attempt to escape, he shall not be entitled to any credit on his fine or judgment until he shall consent to labor, and if he shall escape he shall forfeit the whole amount credited or paid on his fine by imprisonment, and if retaken shall serve out the entire

amount of fine and costs for which he was originally committed."

Paragraph 190: "When any able-bodied male person shall be committed to the city prison and workhouse for the nonpayment of any fine or penalty adjudged against him, it shall be the duty of the prison keeper to deliver such person, with the *mittimus* or execution, indorsed with the amount of the fine and costs, including board to date, into the charge of the city superintendent of streets, who shall, if practicable, receive such person and receipt for him to the prison keeper, and shall enter in a book to be kept by him, the amount of the fine and costs, and the number of days which the person will be required to work to discharge the same. Said superintendent shall thereupon compel such person to labor on the streets and alleys of the city for ten hours in each working day, and shall credit him with not less than fifty cents nor more than one dollar and fifty cents, exclusive of board, for every day he shall so diligently labor, and shall discharge him when he shall have labored out his fine and the costs."

Parties tried before appellant as justice of the peace, and by him committed for the non-payment of fines adjudged against them, were, under the provisions of this ordinance, compelled to labor on the streets and alleys of said city until they had discharged their respective fines and costs, and appellant in this action seeks to recover from the city his costs in each of those cases.

The declaration contains only the common counts. The single question in the case is, does a city in this State, by compelling persons to work out fines imposed for violation of its ordinances, on its streets and alleys, thereby become liable to an officer having costs in the case in which such persons were tried. It is not, as we understand, claimed that in this form of action, and especially under this declaration, appellee is liable on any other theory than as for money had and received. It is well understood that such an action is of an

equitable nature, in which the plaintiff may recover from the defendant what in equity and good conscience he ought not to retain; but it must always appear that the subject of the action was originally money, or that which the parties agreed to treat as money, or if goods other than money, that sufficient time had elapsed to justify the inference that they have been converted into money. (2 Greenleaf on Evidence, sec. 117.) To this rule there are no exceptions, but the law will sometimes treat certain things as money which, strictly speaking, are not. Ibid. sec. 118.

Appellant's theory in this case, as we understand it, is, that appellee having compelled parties to work out their fines and costs under its ordinances, impliedly agreed to treat that work as so much money, and is therefore equitably liable to him for costs earned by him on the trial of the parties performing the work. In other words, as said by his counsel, "by providing for the acceptance of labor, and accepting labor, precisely the same effect was wrought as if the defendants had paid the judgment in current coin," therefore it is contended that the case of *DeWolf* v. *City of Chicago*, 26 Ill. 443, is an authority supporting this action. This position is based upon a misconception of the true object and scope of the foregoing ordinance. It is in no sense an agreement on the part of the city to take labor in payment of judgments, but its object is to compel the satisfaction of judgments for fines and costs by the payment of money. The ordinance can only be resorted to as a means of collecting fines and costs when money can not be collected in the ordinary way. Such ordinances proceed upon the theory that many persons who have no goods liable to execution, will pay fines and costs rather than be imprisoned or compelled to labor on the public streets and alleys of a city. Their object is, therefore, not to procure labor for the city at a given price, but is for the benefit of both the city and public officers interested in fines and costs, to coerce payment in money. The provision that the superintendent of

streets shall credit the amount of fine and costs with not less than fifty cents nor more than one dollar and a half, exclusive of board, per day, and shall discharge the prisoner when he has labored out his fine and costs at that rate, is by no means an acknowledgment, much less an agreement, that the labor of every such person will be of that value to the city. The prisoner may, under paragraph 180, discharge the fine and costs by imprisonment alone, at fifty cents per day, in which case the city receives no possible benefit, but suffers loss. An ordinance might, under sufficient statutory authority, provide that the offender be committed to prison and stand committed until his fine and the costs were paid; but our statute and this ordinance proceed upon the more reasonable and humane principle, that when, at a fixed rate per day, he has suffered imprisonment to the amount of his fine and costs, he shall be discharged. The judgment, however, is not paid by such imprisonment. The city has not collected the fine and costs. The judgment is simply discharged by the imprisonment, the city gaining nothing, but sustaining loss. The fact that a prisoner so committed may be compelled to labor during all or a part of his imprisonment, in no sense makes his labor a payment of the judgment against him. The superintendent of streets, by virtue of this ordinance, if he sees proper so to do, can compel the prisoner to perform labor on the streets and alleys of no practical benefit whatever to the city. He might, if he chose, compel the performance of work one day and an entire change of it the next, merely for the purpose of keeping prisoners employed. No question can arise in this case as to the value of any such work to the city, and if the city is liable at all, it must be upon the theory that it has received benefit to the full amount of said judgments, and is therefore liable to appellant for full amount of his costs.

We think it clear that the judgments were not in fact collected at all, much less did the city agree to accept the labor of offenders against its ordinances in payment of fines and

costs as money. Such ordinances are calculated, when rigidly enforced, to deter evilly disposed persons from violating the law; but to hold that a city or village can only avail itself of its provisions at the risk of becoming liable to pay out of its treasury the full amount of all costs accruing in each case in which the party is convicted, would practically prevent all cities and villages in the State from adopting or attempting to enforce the same.

We concur in the judgment of the Appellate Court, and the same is affirmed.

*Judgment affirmed.*