## HOFFMAN v. CONDON et al.

(Supreme Court, Appellate Division, Second Department.   October 12, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 221*)—SERVICES TO DECEDENT—COMPEN-
SATION—EVIDENCE.

Where, in an action by a niece against the executors of her uncle for
services rendered to the deceased, the niece testified that she had never
been paid for her services as housekeeper, and it was undisputed that
she resided with the uncle during the period for which compensation was
demanded, and witnesses testified that the uncle shortly before his death
stated that he would provide well for the niece, the evidence did not es-
tablish the contract by clear and convincing proof authorizing the dis-
missal of the complaint.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. § 903½; Dec. Dig. § 221.*]

2. EVIDENCE (§ 265*)—ADMISSIONS OF PERSONS SINCE DECEASED—WEIGHT.

The testimony of witnesses who swear to the admissions of one since
deceased is weak, and should be acted on only with great caution.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1050; Dec. Dig.
§ 265.*]

3. WITNESSES (§ 159*)—COMPETENCY—TRANSACTIONS WITH PERSONS SINCE DE-
CEASED.

The testimony of a niece suing for services to an uncle since deceased
that the uncle had said that a place would belong to her for taking care
of him is incompetent.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 676; Dec. Dig.
§ 159.*]

4. CONTRACTS (§ 79*)—CONSIDERATION.

The statement by an uncle that his place would belong to a niece for
taking care of him, made after the niece had obtained her mother's con-
sent to live with her uncle, and after she had come to the uncle's home
and was residing there, could not be shown as a consideration for her
original agreement to come to his home and live there.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 357; Dec. Dig.
§ 79.*]

5. EXECUTORS AND ADMINISTRATORS (§ 221*) — CONTRACTS WITH DECEDENT —
SERVICES—EVIDENCE.

The evidence establishing a parol agreement binding one since de-
ceased to pay for personal services must be given or corroborated in all
substantial particulars by disinterested witnesses.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. § 903½; Dec. Dig. § 221.*]

6. NEW TRIAL (§ 162*)—REJECTION OF CONDITIONS—EFFECT.

Where plaintiff rejected the condition imposed by the trial justice, grant-
ing a motion to set aside a verdict for plaintiff unless she stipulated to
reduce the amount to a specified sum, the situation was the same as
though the trial justice had set aside the verdict, and granted a new
trial absolutely.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 324; Dec. Dig.
§ 162.*]

Appeal from Trial Term, Westchester County.

Action by Mary J. Hoffman against Ellen Condon and another, ex-
ecutors of John Conlin, deceased. From an order setting aside a ver-
dict for plaintiff and granting a new trial, she appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR,
BURR, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

F. X. Donoghue, for appellant.
Hugh A. Thornton, for respondents.

BURR, J.   This action is brought to recover the sum of $3,500 for services which the plaintiff claims that she rendered to John Conlin, now deceased, between the 1st day of January, 1900, and the 8th day of August, 1906.   The plaintiff was his niece, and about a month after the death of his wife went to reside with him in part of a small house which he owned at Dobbs Ferry, acting as housekeeper, and for the last few months of his life, when he was ill and suffering from a paralytic stroke, also rendering to him such care and attention as his condition demanded.

Upon the direct case outside of the testimony of the plaintiff to the effect that she had never been paid anything for her services, and outside of testimony to an admitted fact that she did reside with her uncle during the period named, plaintiff's whole case rested upon admissions claimed to have been made by the deceased to two witnesses. One of these testified that a short time before his death, observing the work which devolved upon the plaintiff, he said to the deceased that Maggie (meaning the plaintiff) had a pretty hard time of it, and he replied, "Yes; I am going to provide well for her."   The other witness testified that during the latter part of his illness the decedent said he would provide for plaintiff if anything happened to him.   Upon such testimony it was clearly the duty of the learned trial justice to have dismissed the complaint.   Lucas v. Boss, 110 App. Div. 220, 97 N. Y. Supp. 112; Matter of Furniss, 86 App. Div. 96, 83 N. Y. Supp. 530; Matter of O'Neill, 49 App. Div. 414, 63 N. Y. Supp. 291. Not only was there no testimony that the deceased had not made provision for her by his will, but the testimony of witnesses who swear to the admissions of a dead man is weak, and should not be acted upon without great caution.   Rosseau v. Rouss, 180 N. Y. 116, 72 N. E. 916.   This was not the clear and convincing evidence which under the more recent decisions has been declared to be necessary.   Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118; Holt v. Tuite, 188 N. Y. 17, 80 N. E. 364; Butcher v. Geissenhainer, 125 App. Div. 272, 109 N. Y. Supp. 159; Dueser v. Meyer, 129 App. Div. 598, 114 N. Y. Supp. 64. Although the defendants would have been perfectly justified in resting upon their exception to the denial of the motion to dismiss the complaint, they proceeded to introduce their evidence.   It appeared from the will of John Conlin that he did give to the plaintiff a money legacy of $200, and, in addition to that, an undivided interest in all the rest and residue of his property, the value of which is not made to appear.

The defendants then called as a witness one of the executors of the will, Ellen Condon, who testified that after the death of decedent's wife she went to him and asked him if he would like to have the plaintiff stay with him, as she was willing to do so, and that he replied, "Yes," provided she stays for a home, but that he was too poor to pay her any wages, and that, when that was communicated to the plaintiff, she assented to it and thereafter came.   This testimony was corroborated in part by that of another witness, to the effect that the

plaintiff was to have a home with decedent, and come and take care of the house, and that nothing was said about any payment for services; and by still a third witness, the wife of one of the executors, who stated that the plaintiff came to her and asked her if she thought that her uncle would keep her after her aunt had died. The plaintiff was then called in rebuttal, and, after denying the alleged conversation testified to by Ellen Condon in which it was claimed that the plaintiff agreed to stay for a home but without wages, she testified without objection to another conversation when Ellen Condon was not present, at which decedent said that the place would be hers for taking care of him. Not only was this testimony incompetent, but according to her own testimony this statement was made after she had obtained her mother's consent to live with her uncle, and had come back to his home and was residing there. If true, it could not have been a consideration for her original agreement to come. She also testified that at the time her uncle was giving directions about his will she heard him state that he wanted the place left to her. She is directly contradicted upon this point by one of the subscribing witnesses to the will, who was present in court on the trial of this action as well as by the will itself. If the testimony by witnesses of admissions by a deceased person is weak, the testimony of an interested witness with regard to a contract with such person is dangerous. If such a contract is based upon parol evidence, that evidence should be given or corroborated in all substantial particulars by disinterested witnesses (Rosseau v. Rouss, supra). Such testimony was wholly wanting in this case.

The jury found a verdict for the plaintiff for $1,000. The learned trial justice granted a motion to set the verdict aside unless plaintiff stipulated to reduce the amount of her recovery to $500. The plaintiff refused to so stipulate, and appealed from the order. The verdict should have been set aside and a new trial granted absolutely and without any conditions. Inasmuch, however, as plaintiff has rejected the condition, the situation is not different from that which it would have been if such an order had been made.

The order appealed from should be affirmed, with costs to the respondents. All concur.