## GUTHRIE et al. v. BURCHFIELD.
### (No. 9100.)

Court of Civil Appeals of Texas. Galveston. Feb. 22, 1928.

Rehearing Denied March 29, 1928.

1. Brokers ⬥40—Showing broker was procuring cause of sale does not render owner liable for commission to mere volunteer.

A showing that a real estate broker was the procuring cause of a sale of land does not create agency for owner, or render him liable for commission, if broker was a mere volunteer.

2. Brokers ⬥8(3)—Evidence held insufficient to show agency for married woman on theory land was sold by broker with her acquiescence.

In action against a married woman for commission on sale of her one-fourth interest in land, where her husband, in dealing with broker, had no authority to contract for payment of commissions by her, evidence *held* insufficient to show agency of broker on theory that land was sold by him with her acquiescence after her knowledge that broker had rendered service in connection with the sale.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by W. G. Burchfield against Verna C. Guthrie and husband. From a judgment for the plaintiff, defendant named appeals. Reversed, and rendered for the defendant named.

Fulbright, Crooker & Freeman and M. C. Chiles, all of Houston, for appellant.

Baker, Bottz, Parker & Garwood and St. John Garwood, all of Houston, for appellee.

GRAVES, J. Appellant, Verna C. Guthrie, wife of Thomas H. Guthrie, challenges, as being unsupported by the evidence, a recovery of $1,875, or 5 per cent. upon the amount in-

volved, awarded the appellee herein—pursuant to a jury's verdict upon special issues —as a commission for having as a real estate agent procured the sale for her of her one-fourth interest in the Ruby-Colby 100 acres of land on the Houston Ship Channel to the Carnegie Steel Company for $37,500.

A careful study of the record and statement of facts convinces this court that the position is well taken and should be sustained.

[1] We think it conclusively appears from the body of the evidence as a whole that, in so far as the sale of Mrs. Guthrie's interest in the 100-acre tract to the steel company was concerned, the appellee, irrespective of whether he was or was not the procuring cause of it, failed to show that he was other or more than a mere volunteer; hence was not entitled to a commission as her agent. 2 C. J. 483, par. 99; Williams v. Moore, 24 Tex. Civ. App. 402, 58 S. W. 957; Sheer v. Cummings, 80 Tex. 294, 16 S. W. 37; Dunn v. Price, 87 Tex. 318, 28 S. W. 681; Tascott v. Grace, 12 Ill. App. 639; Hoffman v. Condon, 134 App. Div. 205, 118 N. Y. S. 899; Newell v. Lafarelle (Tex. Civ. App.) 225 S. W. 853.

[2] It is not claimed that Mrs. Guthrie directly in any way dealt with the appellee concerning the sale of her interest, but only that she was bound for the commission as a result of what her husband did for her as her agent in the matter; the appellee's contention in that connection, as well as the trial court's judgment, which accepted it, as the special issues submitted to and passed upon by the jury make manifest, being based upon the theory that her husband had authority to contract both for the sale of her interest and the payment of a commission therefor, and that, while he did not at any time prior to the execution of the contract and the payment of the earnest money for the sale of her interest promise the appellee that he would be paid a commission for his services in connection with such sale, both Mr. and Mrs. Guthrie at some such time knew the appellee had rendered services in that connection and was claiming a commission therefor, hence she became liable to him for what the jury found was a reasonable compensation for his services—that is, 5 per cent. on the $37,500.

The gist of these issues and findings, otherwise stated, is:

(1) That appellee was the efficient cause of the sale of the entire Ruby-Colby 100 acres to the steel company, inclusive of the 20 acres of it fronting on the Ship Channel.

(2) That Mr. Guthrie had authority from Mrs. Guthrie to contract for the sale of her interest in the whole tract and for the payment of a commission therefor.

(3) That both he and she, at some time prior to the execution of the contract and the payment of the earnest money for the sale of Mrs. Guthrie's interest to the steel company,

knew that appellee claimed to have or had rendered services in connection with such sale and was claiming a commission therefor, but that Mr. Guthrie had not at any such time promised him that he would be paid a commission for any such services.

(4) That 5 per cent. of the purchase price of Mrs. Guthrie's interest would be a reasonable commission for the appellee's services.

As at first indicated, whatever may be the state of the proof in other respects, we fail to find any evidence of probative force supporting this indispensable element of the theory thus relied upon, that the appellee must, at least, have had the right in the circumstances to expect from Mrs. Guthrie compensation for the services she and her husband were thus found by the jury to have known he' was rendering and claiming a commission for; without that he was only a volunteer, under the authorities cited supra. That he had no such right under any antecedent contract or promise to that effect from either herself or her husband is concluded on the one part by the undisputed absence of any direct dealings with her, and on the other by the specific finding that Mr. Guthrie made him none; so that, for it to have existed at all, it must have been shown to arise by implication, either from what Mr. Guthrie, acting with' authority from, or at least with the knowledge and acquiescence of, his wife, otherwise did for her, or from her own knowledge that the appellee had rendered services in connection with the sale of her part of the land and was claiming a commission therefor.

In this connection, we repeat our not understanding the law to be that her mere knowledge that appellee had rendered services in reference to the sale of her land and was claiming a commission for them would make her liable to him for it; notwithstanding such knowledge, she had the right to go on and independently sell her property, if his services and claim for compensation were unauthorized by her either directly or through her husband. The rule in such circumstances is thus stated by Judge Key in Williams v. Moore, supra:

"If another person, unauthorized by the owner, assist an agent in making a sale, is it right and just to hold that, if apprised of what has been done by such assistant or subagent, and the fact that the agent has promised compensation by the owner, the latter cannot accept the terms offered by the purchaser without becoming liable to such subagent? Under such circumstances, it cannot be claimed that the owner has misled the subagent, nor will consummation of the sale without compensating him place him in any worse position than he would be in if the sale should be abandoned."

This sine qua non of liability is more plainly lacking under the uncontroverted evidence here than in the Moore Case, because in this instance it is not contended that Mrs. Guthrie herself did other than simply carry out the sale with the purchaser, without any dealings or understanding of any sort with the appellee, and there is no testimony reasonably tending to show that her husband ever had any authority from her to, or in fact ever did, promise or lead the appellee to believe that he would be paid a commission from her for what he had or might do in relation to the sale of her interest; on the contrary, both Mr. and Mrs. Guthrie uncontradictedly testified that, while Mr. Guthrie had authority from her to sell her interest, he had none to pay or agree to pay any commission thereon, and there is no rebuttal of these unequivocal statements.

The earnest money receipt relating to the sale of all the 100 acres involved does not tend otherwise, because its terms only went far enough to indicate some relationship between the appellee and the other joint owners of separate interests, who admittedly bound themselves to and in fact paid him a commission, but nothing as affected this appellant; likewise the evidence of particular sales of other property by Mr. Guthrie for his wife, offered as tending to show he had general authority to bind her for the payment of commissions, was all conclusively negatived by the uncontradicted showing that in each instance she knew of and expressly authorized the transaction.

In a word, it seems to us to have been indisputably shown, looking to the statement of facts in its entirety, that both Mr. and Mrs. Guthrie rested throughout the whole transaction upon the conclusion that the logic of the situation with reference to her interest in the property would bring her the price she was willing to take for it, without the need of discounting it by the payment of a commission, and to have consistently refrained from in any way laying themselves liable to pay 'one.

We pretermit, as unnecessary to the decision, the determination of whether or not the evidence was sufficient to support the other findings of the jury than those specifically discussed, but are clear in the conclusion that no knowledge nor act that would bind Mrs. Guthrie was shown to have been brought home to her, and that so much of the answer to issue No. 3 as found that Mr. Guthrie had authority from her to contract for the payment of a commission on the sale of her interest in this land cannot be permitted to stand.

Since the cause was fully developed, these conclusions require a reversal and rendition in favor of appellant; that order has accordingly been entered.

Reversed, and judgment here rendered that the appellee take nothing.