

**NUMBER 13-08-00121-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**STEVEN LIVINGSTON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 214th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Wittig[1]
Memorandum Opinion by Justice Wittig**

Steven Livingston, appellant, was indicted for aggravated sexual assault of a child,

a first degree felony, and indecency with a child, a second degree felony, both against the

same victim, on or about May 11, 2007. *See* TEX. PEN. CODE § 21.11 (Vernon 2003). A

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

jury found appellant guilty on both counts and assessed his punishment at 25 years in prison plus a $10,000 fine for aggravated sexual assault of a child, and ten years imprisonment plus a $10,000 fine for indecency with a child. The docket entry and initial oral pronouncement of the sentence did not provide that the sentences be stacked. Appellant was remanded to custody and ordered to the state penitentiary. Some hours later, the trial judge re-called appellant to the courtroom and ordered that the sentences run consecutively. The written order signed by the court also provided for stacking of the sentences.

In his first issue, appellant contends the trial court erred by denying his unsworn motion for continuance based upon the State's last-minute disclosure of damaging computer-encrypted data and extraneous offense evidence. In issue two, he complains the trial court failed to conduct a "gatekeeper" hearing before allowing expert testimony. In his third issue, appellant complains that the trial court lacked authority to stack the sentences. In his fourth and fifth issues, appellant contends the evidence is legally and factually insufficient to support the second count of indecency with a child. We affirm.

## I. MOTION FOR CONTINUANCE

According to the record, appellant's trial counsel received new documents and photos, based upon encrypted data extracted from appellant's computer, about noon on Friday, January 4, 2008, before the scheduled trial on Monday, January 7, 2008. The State had seized the computer months before and supposedly furnished defense counsel with all data taken from the computer that it intended to introduce as evidence in the trial. The late documents, State's Exhibits 16 - 21, had numerous highly damaging and incriminating statements, e.g., "had some fingers on her little ridge" and "put my hands

2

inside the legs and stroked the tops of the inside of her thighs and groin." On or about Friday, January 4, Pat Patterson, the State's forensic computer expert, provided the prosecution with a package of materials he had extracted from appellant's computer "sometime back." Included in the documents were alleged computer writings by appellant, said to have been decoded by Patterson. Appellant had previously been furnished journal entries from his computer by the State, but the specific and highly incriminating material was not furnished until Friday at noon.

Appellant filed a hand-written, unsworn, motion for continuance before the trial began on Monday, January 7. In it, counsel advised that the last minute evidence consisted of four documents allegedly obtained from appellant's computer.[2] Counsel requested time to investigate the veracity of the decoded documents, and to prepare and study the technology of encrypted messages. The stated history of the documents retrieved by the State involved the decoding of entries purportedly made by appellant on his computer which had been erased, deleted, not completed, or not finalized. Defense counsel advised the court, and the State admitted, the documents were not furnished until noon, the Friday before trial. Defense counsel informed the court he had a mediation that Friday afternoon, was a solo practitioner, and did not look at the documents until Saturday. Defense counsel also filed a motion to exclude the evidence given to him on Friday. The trial court overruled the motion for continuance without initially hearing argument. Later, the trial judge told defense counsel that the case would be continued until 1:00 p.m. that same Monday. The trial court also entertained further arguments about the motion for continuance and the State's late-filed documents.

---

[2] The motion also noted the State's failure to furnish a previous interview with the complainant.

Defense counsel further informed the trial court that the State had furnished other computer generated materials, but the specific incriminating matters were not furnished. Defense counsel argued to the court:

> I haven't had time to investigate the legality of entering the encrypted message into evidence. None of the other discovery given to me by the State in the book that Ms. Jimenez (the prosecutor) held up earlier and showed you that has journal entries had encrypted messages. So there was no reason for me to research encrypted messages, the technology of encrypted messages, the legality of introducing encrypted messages.

At 11:00 a.m., during the Monday pre-trial, the State also handed defense counsel some fifty additional pages of new extraneous offense evidence which counsel had not had the chance to review. The trial court gave defense counsel "tonight to review." "We don't start evidence today until you've had an opportunity to review that. We'll start it tomorrow."

Defense counsel renewed his motion for continuance a second time before jury selection, after the State delivered the fifty additional pages of new material. A jury was then selected.

## A. Standard of Review

The Texas Code of Criminal Procedure permits a continuance only upon a written motion sworn by the State or the defendant. TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.08 (Vernon 2006). The court of criminal appeals has confirmed a long line of cases stating, "A motion for continuance not in writing and not sworn preserves nothing for review." *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); *see Matamoros v. State,* 901 S.W.2d 470, 478 (Tex. Crim. App. 1995); *see also Montoya v. State*, 810 S.W.2d 160, 176 (Tex. Crim. App. 1989). Likewise, this Court has not recognized any error preserved for review when a continuance is not in writing and sworn. *Mosley v. State*, 960

4

S.W.2d 200, 206 (Tex. App.–Corpus Christi 1997, no pet.).

## B. Analysis

While appellant did file a written motion for continuance, it was not sworn.  The motion, not having been sworn to, was therefore not a compliant statutory motion.  *Darty v. State*, 193 S.W.2d 195 (Tex. Crim. App. 1946).  Historically, a deficient motion was one addressed to the equitable powers of the court.  *See id.*  It has been more clearly stated that "a motion for continuance, based on equitable grounds rather than statutory grounds, is entirely within the sound discretion of the court, and will only call for reversal if it is shown that the court clearly abused its discretion."  *Munoz v. State*, 24 S.W.3d 427, 430-431 (Tex. App.–Corpus Christi 2000, no pet.) (citing and quoting *Alvarado v. State*, 818 S.W.2d 100, 103 (Tex. App.–San Antonio 1991, no pet.) (citing *Hernandez v. State*, 492 S.W.2d 466, 467 (Tex. Crim. App. 1973))); *see also Collection Consultants, Inc. v. State*, 556 S.W.2d 787, 795 (Tex. Crim. App. 1977); *Chance v. State*, 528 S.W.2d 605, 607 (Tex. Crim. App. 1975); *Coleman v. State*, 481 S.W.2d 872, 873 (Tex. Crim. App. 1972); *Ward v. State*, 427 S.W.2d 876, 881 (Tex. Crim. App. 1968).

While not directly addressing the trial court's equitable powers, the court of criminal appeals has recently concluded that if a motion for continuance is made orally or is unsworn, the defendant "forfeits" his appellate challenge to the trial court's ruling. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009).

> A defendant's constitutional right to a meaningful opportunity to present a complete defense is rooted in the Fourteenth Amendment's Due Process Clause and the Sixth Amendments's Compulsory Process and Confrontation Clauses.  Confrontation and compulsory process rights are subject to procedural default.

*Id.*    As a result, we conclude that appellant forfeited his appellate challenge to the trial

5

judge's denial of his unsworn continuance motion by failing to comply with procedural requirements of articles 29.03 and 29.08. *See id.* We overrule appellant's first issue.

## II. EXPERT OPINION

In his second issue, appellant argues the trial court erred by permitting an expert opinion without conducting a "gatekeeper" hearing. The State's witness, Detective Eric Blanchard, testified he used the "Reid Technique" in questioning appellant. He explained that the interrogation technique involves beginning with non-intrusive questions and graduating to more invasive questioning. Developed by Chicago police, the technique seeks to establish the suspect's normal behavioral response and then compare the responsive demeanor during the more difficult questions. Blanchard used this technique in questioning appellant. The State then asked what appellant's demeanor was like. Blanchard responded that he noticed a change, appellant became very nervous from a calm state, and cleared his throat, "which was not appropriate with all of his non-deceptive responses."

Defense counsel addressed the trial court. First, he stated that he did not object to Blanchard "saying what he did." After an exchange with the court, counsel finally objected: "I object to his interpretation of the actions." Counsel did not ask to voir dire the witness nor did he request the court to conduct a *Daubert/Kelly* hearing. *See generally Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992). To defense counsel's objection, the trial court responded: "Overruled. Sit down. Just tell us what you observed sir." Blanchard replied that he observed a behavioral change.

Appellant argues on appeal that it is the State's burden, as the proponent of

6

scientific evidence, to demonstrate by clear and convincing evidence that the evidence is reliable, citing Texas Rule of Evidence 702 and *Jackson v. State*, 17 S. W. 3rd 664, 670 (Tex. Crim. App. 2002). Appellant argues from other well-known authorities to the same effect. He asserts that the only exception to the *Kelly* requirement for a gatekeeper hearing is found where a scientific principle is generally accepted in a sufficient number of trial courts through adversarial *Daubert/Kelly* hearings. Thereafter, subsequent courts may take judicial notice of the scientific validity. *Hernandez v. State*, 116 S. W. 3d 26, 31 n. 11 (Tex. Crim. App. 2003). We do not disagree.

As appellee argues, a party must timely and specifically object in the trial court to preserve complaints concerning the qualifications of a witness to offer opinion testimony or the foundation or reliability of the testimony. TEX. R. APP. P. 33.1; *Doyle v. State*, 24 S.W.3d 598, 603 (Tex. App.–Corpus Christi 2000, pet. ref'd.); *see Hernandez v. State*, 53 S.W.3d 742, 745 (Tex. App.–Houston [1st Dist.] 2001, pet. ref'd). Additionally, an issue presented on appeal must be the same as the objections raised at a trial to be properly preserved for review. TEX. R. APP. P. 33.1; *Bouchillon v. State*, 540 S.W.2d 319, 322 (Tex. Crim. App. 1976); *Jones v. State*, 644 S.W.2d 530, 532 (Tex. App.–Corpus Christi 1982, no pet.). Defense counsel did not object on the basis of qualifications or reliability. He neither requested the opportunity to voir dire the witness nor have the trial court conduct a *Daubert/Kelly* hearing. We therefore conclude appellant preserved no error for us to review. TEX. R. APP. P. 33.1; *Doyle* 24 S.W.3d at 603.

We finally note that a lay opinion can be offered under rule 701 if the opinion is rationally based on his or her perceptions, and helpful to the clear understanding of the testimony. TEX. R. EVID. 701; *Ex parte White*, 160 S. W. 3d 46,53 (Tex. Crim. App. 2004)

7

(holding that testimony that the applicant intentionally ran over the victims with his truck was admissible under evidence rule 701 because the lay witness's opinion was rationally based on his own perception and was helpful in the determination of a fact in issue). We overrule appellant's second issue.

### III. STACKING SENTENCES

After the jury returned its verdict, including a twenty-five year and ten year sentence on counts one and two respectively, and before the jury was excused, the trial court orally sentenced appellant on both counts and remanded him to the sheriff's custody. The court then dismissed the jury and took a recess. Later the same day, appellant was brought back to the courtroom and was "formally" sentenced, cumulating the twenty-five year sentence on count one with the ten year sentence on count two. Appellant timely objected, arguing that once appellant was removed from the courtroom and began serving his sentence, it was too late for the trial court to cumulate the sentence. Appellant was sentenced in the morning and remanded to the sheriff about 11:30 a.m. The sentence was not orally accumulated until about 3:30 p.m. of the same day. The trial court indicated at that time, that his written order had already been signed, and the order stated the sentences would run consecutively. The trial court stated: "I did not formally sentence him this morning. I read the verdict of the jury and the formal sentence was going to be later, which is now."

### A. STANDARD OF REVIEW

A complaint about consecutive sentences is reviewed under an abuse of discretion standard. *Macri v. State*, 12 S.W.3d 505, 511 (Tex. App.–San Antonio 1999, pet. ref'd). The test for abuse of discretion is whether the trial court's action falls within the zone of

8

reasonable disagreement. *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003). Generally, the trial court has discretion to order that sentences be served consecutively. TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp. 2009).

### B. ANALYSIS

Appellant argues that when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls, citing *Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998). While true, it does not advance appellant's argument. More to the point is appellant's citation to *Ex parte Vasquez*, 712 S.W.2d 754, 755 (Tex. Crim. App. 1986). If a trial judge wants to "stack" a defendant's sentences so that they run consecutively, he must make such an order at the time and place that sentence is orally pronounced. *Id.* However, in *Vasquez* the trial court orally pronounced one sentence with the defendant present, then several days later ordered a different and more severe sentence. *Id.* at 754. Once a defendant is removed from the courtroom and begins serving his sentence, it is too late to cumulate the sentence later imposed with an earlier one. *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002) (concerning a case where the trial court entered a written order stacking sentences fifty-two days after the defendant was orally sentenced). A trial court does not have statutory authority or discretion to orally pronounce one sentence in front of the defendant but enter a different sentence in his written judgment outside the defendant's presence. *Id.*

Both parties cite *State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005). It holds that at a minimum, a trial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judgment is filed within thirty days of sentencing.

9

*Id.* Even more to the point, the court of criminal appeals stated that a trial court also retains plenary power to modify its sentence if the modification is made on the same day as the assessment of the initial sentence and before the court adjourns for the day. *Id.* at 698. The re-sentencing must be done in the presence of the defendant, his attorney, and counsel for the State. *Id.*

Appellant aptly notes the various concurring and dissenting opinions in *Aguilera*, drawing a distinction between altering, modifying, or cumulating a sentence. More to the point is the later case of *Ex parte Cruzata*, 220 S.W.3d 518, 521 (Tex. Crim. App. 2007), cited by appellee. There, the court of criminal appeals noted that a trial court may revise, correct, or vacate a sentence before the defendant begins to serve that sentence. *Id.* (citing *Powell v. State*, 63 S.W.2d 712, 713 (Tex. Crim. App. 1933)). The court reiterated its holding in *Aguilera* that a trial court may modify a sentence if the modification is made on the same day as the assessment of that sentence and before court adjourns for the day. *Id.* "Implicit in that holding was that a defendant begins to serve his sentence at the adjournment of court on the day that the sentence is assessed." *Id.*

This reasoning is consistent with the provisions of code of criminal procedure article 42.09, section 1, that a defendant's sentence begins to run on the day that it is pronounced, and the provisions of article 42.03, section 1(a), that a felony sentence shall be pronounced in the defendant's presence. *See* TEX. CODE CRIM. PROC. art. 42.09, § 1, art. 42.03 § 1(a). In such circumstances, a trial court has the authority to re-sentence a defendant after assessing an initial sentence if the modified sentence is authorized by statute. *Aguilera*, 165 S.W.3d at 713. In *Powell*, the court held that a trial court may revise, correct, or vacate a sentence before the defendant begins to serve the sentence.

10

*Powell*, 63 S. W. 2d at 713.

We conclude that the trial court did not abuse its discretion because the appellant began to serve his sentence at the adjournment of court on the day the sentence was assessed, and the modification of the sentence was made on the same day as the assessment and was made in the appellant's presence. *Aguilera*, 165 S. W. 3d at 698; *Ex parte Cruzata*, 220 S.W.3d 521. We overrule this issue.

## IV. LEGAL AND FACTUAL SUFFICIENCY

In his fourth and fifth issues, appellant argues the evidence is not legally or factually sufficient to support the second count, indecency with a child. Appellant argues that the complainant testified to only one incident. Appellant argues he likewise only described one incident of touching, that being outside the clothing. The complainant testified that appellant penetrated her sexual organ with his finger. Therefore, because there was only one incident, there is no evidence or insufficient evidence of a second incident; the jury could believe one or the other version of the assault but not that there were two incidents.

## A. STANDARD OF REVIEW

In reviewing legal sufficiency, we look at all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). Legally sufficient evidence supporting a conviction exists if the court, after reviewing the evidence in the light most favorable to the prosecution, determines that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979).

11

Evidence may be factually insufficient if: (1) it is so weak as to be clearly wrong and manifestly unjust, or (2) the adverse finding is against the great weight and preponderance of the available evidence. *Roberts v. State,* 220 S.W.3d 521, 524 (Tex. Crim. App. 2007) (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). The evidence, though legally sufficient, is factually insufficient if it is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or if, considering conflicting evidence, the jury's verdict, is nevertheless against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). A factual sufficiency review requires the reviewing court to consider all of the evidence. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). A clearly wrong and unjust verdict occurs where the jury's finding is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Sells v. State*, 121 S.W.3d 748, 754 (Tex. Crim. App. 2003). The court of criminal appeals in *Roberts* explained that a reversal for factual insufficiency cannot occur when "the greater weight and preponderance of the evidence actually favors conviction." *Roberts,* 220 S.W.3d at 524.

### B. ANALYSIS

The record reveals that the complainant testified that she was sitting on appellant's lap at the movie "Happy Feet." She stated that appellant covered his hand with a book cover and touched her "inside her private." She stated he touched her skin. She described another occasion when she sat in appellant's lap and helped drive a car, although no explicit sexual conduct was alleged.

In appellant's statement to the investigator, entered into evidence, he admitted to caressing the complaint and "had some fingers on her little ridge and rubbed it ever so

slightly with one finger tip." This occurred during the first quarter of the movie. After a bathroom break, appellant covered her with his jacket as she sat on his lap. The complainant fell asleep and was snoring. According to the statement, he touched the complainant on top of her clothing: "Put my hands inside the legs and stroked the tops of the inside of her thighs and groin area gently and loved the ridge and she did not stir." The complainant was still groggy at the end of the movie, and appellant carried her to the car. He also observed that she was either playing possum or was really asleep. On his computer, he wrote that she was asleep.

The State argues, and we agree, that the record proof supports two distinct offenses for several reasons. The appellant himself appears to have admitted to two separate incidences. He admitted to an incident that occurred during the first quarter of the movie, and another episode occurred when the complainant later returned to appellant's lap, he covered her with his coat, and she fell asleep. Second, the complainant was asleep during one incident as appellant himself stated, yet the complainant was implicitly awake during one incident she described. Third, the complainant's recollection and testimony about only "one" incident could be attributed to either her being asleep, or her description of "once" could be describing one trip or one movie, as opposed to two distinct sexual episodes at the one movie. If two incidents occurred at a single movie on a single day, a seven-year-old child might reasonably testify it happened once, referring to one day or one movie.[3] Finally, in one incident when the compliant was awake, she testified that appellant covered her with a book cover, while appellant admitted to an incident when he covered her with

---

[3] The question presented the child was: "Okay. Did that happen only one time when you went to the movies?"

13

his jacket and she was asleep.

We are cognizant of the fact that a jury has already passed on the facts, and we must give due deference to the determinations of the jury. *Lancon v. State*, 253 S.W.3d 699, 704-705 (Tex. Crim. App. 2008). While a court of appeals may disagree with the factfinder, it should afford the appropriate deference in order to avoid substituting its judgment for that of the jury. *Id.* (citing *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)). We therefore hold there to be both legal and factual sufficiency to show at least one act of sexual conduct against the victim which was distinct from the greater count one offense of sexual assault by penetration. We overrule appellant's issues four and five.

## V. Conclusion

The judgment and sentence of the trial court are affirmed.

DON WITTIG,
Justice

Do Not Publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
15th day of July, 2010.